UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPARROW FUND MANAGEMENT, L.P., <br><br> Plaintiff, <br><br> v. <br><br> MIMEDX GROUP, INC., PARKER H. "PETE" PETIT and JOHN DOES 1-10, <br><br> Defendant. | Civil Action No. 1:18-cv-04921-JGK |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY ON AN EMERGENCY BASIS**

BRESSLER, AMERY & ROSS, P.C.
17 State Street
New York, New York 10004
(973) 514-1200
Attorneys for Plaintiff

On the Brief:

    Nikolas S. Komyati, Esq.
    Adam S. Heder, Esq. (*pro hac vice* pending)

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

BACKGROUND ........ 2

A. MiMedx and Petit Have Engaged in a Public Campaign to Defame Sparrow and Have Used Anonymous Bloggers as a Part of that Campaign. ........ 2

B. Sparrow Has Good Faith Belief as to the Identities of at Least Two of the John Does, Though is Unable to Confirm Them Outside Formal Discovery. ........ 3

ARGUMENT ........ 5

A. There is Good Cause for Expedited Discovery ........ 5

B. Sparrow Has Pleaded a Prima Pacie Case of Defamation Per Se and Civil Conspiracy Against the John Doe Defendants. ........ 6

C. Expedited Discovery is Necessary Because (1) Sparrow Must Know the John Does' Identities Before it can Serve Them and (2) There is a Risk of the Defendants Destroying Evidence. ........ 7

SCOPE OF DISCOVERY REQUESTS ........ 7

CONCLUSION ........ 8

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*adMarketplace, Inc. v. Tee Support, Inc.*,
  No. 13 Civ. 5635 (LGS), 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013)..................................5

*Caixin Media Co. Ltd. v. Guo Wengui*,
  2018 NY Slip Op 30349(U) (Sup. Ct.) ....................................................................................6

*Digital Sin., Inc. v. Does 1-176*,
  279 F.R.D. 239 (S.D.N.Y. 2012) ..............................................................................................5

*Gristede's Foods, Inc. v. Poospatuck Nation*,
  No. 06-CV-1260, 2009 WL 4547792 (E.D.N.Y. Dec. 1, 2009) ..............................................6

*MiMedx Group, Inc. and Sean McCormack v. Sparrow Fund Management, LP, et al.*,
  Case No. 17-CV-07568 (PGG)(KHP), Dkt. 83 .......................................................................5

*Next Phase Distrib., Inc. v. John Does 1-27*,
  284 F.R.D. 165 (S.D.N.Y. 2012) ..............................................................................................5

### **Other Authorities**

Fed. R. Civ. P. 26(d) ........................................................................................................................5

Local Civil Rule 37.2 .......................................................................................................................7

Rule 26(f) .........................................................................................................................................5

www.californiaexaminer.net..............................................................................................................3

ii

## INTRODUCTION

Plaintiff Sparrow Fund Management, LP ("Sparrow") (1) seeks expedited discovery to learn the identities of the John Doe defendants described in the Complaint and (2) does so on an emergency basis because any delay will not only prevent timely service of all defendants in the matter but could also result in destruction of relevant evidence in the matter.

As outlined in Sparrow's Complaint, Defendants MiMedx Group, Inc. ("MiMedx") and Parker Petit ("Petit") have orchestrated a deliberate civil conspiracy to actively and maliciously defame Sparrow. Defendants have repeatedly made false statements about Sparrow and its business practices, wrongfully claiming Sparrow is guilty of criminal short selling activity and falsely accusing Sparrow of being the online blogger "Aurelius Value." As detailed in the Complaint, Defendants have directed numerous online bloggers to proliferate the defamatory statements to distract from MiMedx's own failed business practices. These online bloggers remain anonymous and are the "John Doe defendants" in the lawsuit. Though the allegations shine the light on the already discovered evidence and links between the John Doe defendants and MiMedx and Petit, the John Doe defendants nonetheless remain anonymous. As outlined below, Sparrow has strong leads and suspicions regarding their identities, but in the absence of formal discovery, is unable to confirm those identities. Consequently, Sparrow is presently unable to serve the John Doe defendants, and therefore properly prosecute, this matter.

Sparrow requests permission to make the discovery on an expedited basis, both in order to timely effectuate service but also because the John Doe defendants may already be taking steps to destroy and eliminate the electronic paper trail linking them to MiMedx and Petit.

Sparrow's request is limited and narrowly tailored to achieve only the immediate goals necessary to advance the case. Sparrow seeks to 1) identify the John Doe defendants so that it can serve them while 2) preventing Defendants and third parties from either intentionally or

unintentionally destroying crucial evidence in this matter. Sparrow is not seeking any discovery from the named defendants themselves and seeks only to subpoena third parties to confirm whether they are the John Doe defendants.

Sparrow respectfully requests the Court grant its Motion for Expedited Discovery and allow it to serve the subpoenas requested outlined below.

## BACKGROUND

**A. MiMedx and Petit Have Engaged in a Public Campaign to Defame Sparrow and Have Used Anonymous Bloggers as a Part of that Campaign.**

As outlined in the Complaint, MiMedx and Petit have made numerous public statements, both verbally and in writing, in a variety of forums falsely claiming Sparrow is both engaged in criminal activities and is the anonymous blogger, Aurelius Value (who, they claim, is the author of an illegal short selling campaign against MiMedx).[1] The Complaint outlines in detail the scope and nature of MiMedx's and Petit's defamatory statements, and Sparrow does not repeat those all here, except to note that Defendants' public campaign began roughly concurrent with MiMedx's filing of a lawsuit in this Court in October 2017, MiMedx Group, Inc. v. Sparrow Fund Management, LP, et al., Case No. 1:17-cv-07568 (PGG) (KHP) (the "MiMedx Lawsuit").[2] Importantly, Sparrow also alleges MiMedx and Petit employed numerous online bloggers as part of its public campaign to defame and attack Sparrow.[3] Upon the filing of MiMedx's lawsuit, at least five different twitter handles, @nascardrivers69, @webchicklet, @CE_breakingnews, @captkevinrogers, and @atlantadoctors, all began promoting MiMedx while simultaneously attacking Sparrow and Aurelius Value (which, in its lawsuit, MiMedx linked to Sparrow).[4] The

---

[1] Complaint ¶¶ 12-27.
[2] Complaint ¶ 12.
[3] Complaint ¶¶ 28-39.
[4] Complaint ¶¶ 28-32.

2

persons and/or entities behind the Twitter handles are the John Doe defendants in this matter. More importantly, Sparrow alleges MiMedx authorized, fed information to, and generally directed the persons or entities behind the Twitter handles to make the defamatory statements it did.[5] The Complaint also alleges MiMedx and Petit worked with the John Doe defendants as part of civil conspiracy to defame Sparrow.

The John Doe defendants are, and remain, anonymous. The point of this motion is to determine their identities, so that Sparrow can amend its Complaint and serve them accordingly.

**B.    Sparrow Has Good Faith Belief as to the Identities of at Least Two of the John Does, Though is Unable to Confirm Them Outside Formal Discovery.**

Sparrow has a good faith basis as to the identities of at least two of the John Does. The first is an individual named Kevin Rogers. On March 18, 2018, a Twitter user accused @nascardrivers69 of being Kevin Rogers, which @nascardrivers69 seemed to confirm.[6] Since that time, Sparrow undertook a forensic investigation and tied three additional twitter accounts identified in the Complaint to cell phones and email addresses registered in Kevin Rogers' name, @webchicklet, @CE_breakingnews, and @captkevinrogers.[7] Sparrow has also tied Kevin Rogers to publicly available domain registrar information for www.californiaexaminer.net.[8] On September 21, 2017, Mr. Rogers through that website, published an article titled "Viceroy Research, Aurelius Value: Paid Shills Create Negative Fake News on Mimedix Group, MDXG."[9] In the article, Mr. Rogers alleged that a specific hedge fund was paying Aurelius Value to disseminate fake information to depress the stock of MiMedx.[10] In the article, Mr. Rogers

---

[5] Complaint ¶¶ 33-39.
[6] Declaration of Nathan Koppikar ("Koppikar Decl.") ¶ 10, Ex. 1.
[7] Koppikar Decl. ¶¶11-14.
[8] Koppikar Decl. ¶ 12.
[9] Koppikar Decl. ¶ 12.
[10] Koppikar Decl. ¶ 12.

described Aurelius as a "common criminal that [created] a website and attacked good companies on behalf of the highest bidder, all so they can make more money."[11] Notwithstanding the evidence, Sparrow is unable to confirm Mr. Roger's identity as being linked to the twitter handles, @nascardrivers69, @webchicklet, @CE_breakingnews, and @captkevinrogers, without the opportunity to first subpoena and depose Mr. Rogers.

The Complaint also identifies as another of the John Doe defendants, the Twitter handle, @atlantadoctors.[12] Sparrow has a good faith basis for believing Tedra Desue, an employee of MiMedx's public relations firm CG Capital, is behind @atlantadoctors, either on her own accord or in connection with her job duties as CG Capital, an Atlanta-based public relations firm. In short, a review of posted content from Twitter user, @tedradesue, and Twitter user, @atlantadoctors, revealed remarkable similarities in timing and content of posts, while also demonstrating similar writing and speech patterns.[13] In a Twitter thread relating to the topic of the identity of the John Doe defendants, an anonymous Twitter user addressed "Tedra" on Twitter and despite not being party to the conversation, Twitter user @atlantadoctors, appeared to acknowledge her name was in fact "Tedra."[14] Tedra Desue publicly advertises that she is an employee of CG Capital, and MiMedx has publicly identified CG Capital as its PR firm.[15] But again, despite the indicia of Ms. Desue's identity as Twitter user, @atlantadoctors, Sparrow is unable to confirm that in the absence of formal discovery directed at Ms. Desue and her employer CG Capital.

Moreover, after Sparrow's counsel in the MiMedx Lawsuit alerted MiMedx's counsel of Sparrow's belief that MiMedx was orchestrating a social media campaign to defame Sparrow,

---

[11] Koppikar Decl. ¶ 12.
[12] Complaint ¶¶ 36-37.
[13] Koppikar Decl. ¶¶ 15-17.
[14] Koppikar Decl. ¶ 16, Ex. 2.
[15] Koppikar Decl. ¶ 17.

@atlantadoctors changed its privacy settings to lock its profile from public viewership.[16] And so, it is entirely possible @atlantadoctors has already begun deleting online postings and tweets, furthering the need for expedited discovery from Ms. Desue; there is no way for Sparrow to know one way or the other.

## ARGUMENT

A.   **There is Good Cause for Expedited Discovery.**

Rule 26 of the Federal Rules of Civil Procedure authorizes expedited discovery (i.e., discovery before a Rule 26(f) conference) upon a showing of "good cause." Fed. R. Civ. P. 26(d); *Digital Sin., Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). The Court has broad discretion as to whether to grant a request for expedited discovery. *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171-72 (S.D.N.Y. 2012). In a defamation case, this Court has specifically found that the need to identify John Doe defendants justifies expedited discovery: "Courts in this district have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 Civ. 5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (citations omitted).

In fact, in the MiMedx Lawsuit, Judge Parker found MiMedx had established good cause for expedited discovery when it requested the discovery in order to establish the identity of a defendant (who was an anonymous blogger).[17] Similarly, Sparrow requests expedited discovery to learn the identities of the John Doe defendants so that it can amend its complaint and serve those defendants.

---

[16] Koppikar Decl. ¶ 18.
[17] *MiMedx Group, Inc. and Sean McCormack v. Sparrow Fund Management, LP, et al.*, Case No. 17-CV-07568 (PGG)(KHP), Dkt. 83, at pp. 21-22.

**B. Sparrow Has Pleaded a Prima Facie Case of Defamation Per Se and Civil Conspiracy Against the John Doe Defendants.**

In New York, to prove a claim for defamation per se, a plaintiff must show defendant: (1) at least negligently (2) made a false statement of fact (2) regarding the plaintiff (3) which is published to any third-party without authorization or privilege (4) causing injury. *Gristede's Foods, Inc. v. Poospatuck Nation*, No. 06-CV-1260, 2009 WL 4547792, at *8 (E.D.N.Y. Dec. 1, 2009). Sparrow outlines in detail in the Complaint MiMedx's and Petit's many public statements falsely accusing Sparrow of engaging in criminal activity and falsely posing as Aurelius Value. Sparrow also outlines the various defamatory statements made by the John Does. Paragraph 29 of the Complaint, for instances, the John Does labeled Sparrow a "common criminal," while paragraph 28 details the John Does' public statements that Sparrow was illegally attempting to manipulate the market and engaging in "illegal" short selling. Such statements (and others described in the complaint) were false, made publicly regarding Sparrow, and published to the general public. Defamatory statements are *per se* if they accuse plaintiff of a crime, which is exactly what happened here. *Caixin Media Co. Ltd. v. Guo Wengui*, 2018 NY Slip Op 30349(U), ¶¶ 5-6 (Sup. Ct.) (emphasis added). Further, the John Doe defendants have repeatedly and in numerous forums labeled Sparrow a criminal. Sparrow runs a hedge fund and its reputation, especially as it relates to its stock trading activity, is the most important lifeblood of its business. Defendants' statements have and continue to cause injury. Further, given the links connecting the John Doe defendants to MiMedx and Petit, Sparrow has outlined a prima facie case that the John Doe defendants were acting at least negligently, if not also with malice.

**C.   Expedited Discovery is Necessary Because (1) Sparrow Must Know the John Does' Identities Before it can Serve Them, and (2) There is a Risk of the Defendants Destroying Evidence.**

Outside of discovery, Sparrow is unable to confirm Tedra Desue as @atlantadoctors and Kevin Rogers as @nascardrivers69, @webchicklet, @CE_breakingnews, and @captkevinrogers. If Sparrow is unable to confirm those identities, Sparrow is unable to serve them.

Further, many online blogging sites, including Twitter, delete a user's information 30 days after an account has been deleted.[18] Thus, as soon as any of the John Does decide to delete their account, it will be a fairly quick matter of time before the information is no longer discoverable. And as noted above, @atlantadoctors has already locked its profile, and thus there is currently no way to know whether @atlantadoctors is erasing information.

Because of these exigencies, Sparrow requests it be exempted from the requirements of the Court's Individual Practices and Local Civil Rule 37.2.

## SCOPE OF DISCOVERY REQUESTS

By this Motion, Sparrow seeks the following discovery which it believes will confirm the identities of the John Does named in its Complaint:

- Deposition subpoena and subpoena duces tecum on Kevin Rogers;
- Deposition subpoena and subpoena duces tecum on Tedra Desue; and
- Subpoena duces tecum on CG Capital.

Sparrow intends to seek only information related to the identity of the John Does and their connection to MiMedx and Petit, and will limit the scope of its discovery accordingly.

---

[18] Koppikar Decl. ¶ 18.

## CONCLUSION

Sparrow has demonstrated good cause for its request. It needs to identify the John Does so that it can amend its complaint and serve all defendants. Without this order, it could be months – if not longer – before Sparrow is able to identify and serve the John Does. By then, much (perhaps most) of the electronic discovery connected with those individuals and their Twitter and other online accounts could be destroyed. Sparrow respectfully requests the Court grant its Motion for Expedited Discovery.

Dated: June 27, 2018

>Respectfully submitted,
>
>**BRESSLER, AMERY & ROSS, P.C.**
>
>/s/ Nikolas S. Komyati
>Nikolas S. Komyati, NYB #4298188
>nkomyati@bressler.com
>17 State Street
>New York, New York 10004
>Telephone: 212-425-9300
>Fax: 212-425-9337
>
>**HARRIS BERNE CHRISTENSEN LLP**
>
>/s/ Adam S. Heder
>Adam S. Heder, CSB #270946, OSB #151144
>adamh@hbclawyers.com
>5000 Meadows Road, Suite 400
>Lake Oswego, Oregon 97035
>Telephone: 503-968-1475
>Fax: 503-968-2003
>(*Pro hac vice* pending)
>
>*Counsel for Plaintiff Sparrow Fund Management, LP*