**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SPARROW FUND MANAGEMENT LP,

            Plaintiff,

    v.

        **Case No.  1:18-cv-04921 (PGG) (KHP)**

MIMEDX GROUP, INC., PARKER H.
"PETE" PETIT, AND JOHN DOES 1-10,

        Defendants.

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PARKER H. "PETE"
PETIT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS .................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

LEGAL STANDARD ......................................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.      Sparrow Has Not Sufficiently Pled—And Cannot Plead—Facts Supporting The
           Exercise Of General Personal Jurisdiction Over Petit in New York. ...........................3

    II.     Sparrow Pled Insufficient Facts To Support the Application of the New York
           Long-Arm Statute To Petit. ...........................................................................................5

           A.     The New York Long-Arm Statute Only Applies to Out-of-State Defendants
                       in Defamation Claims In Narrow Circumstances. .............................................5

           B.     Allegations Regarding Petit's Alleged Defamatory Statements Do Not
                       Constitute Actionable "Transactions" For Purposes of the New York Long-
                       Arm Statute. .......................................................................................................6

           C.     Allegations Regarding Petit's Alleged General Business Contacts with New
                       York Do Not Constitute Actionable "Transactions" For Purposes of the
                       Long-Arm Statute. ..............................................................................................7

    CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Bensusan Rest. Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997)................................................................................ 3

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)........................................................................ 5, 7

*Competitive Techs., Inc. v. Pross*,
   14 Misc. 3d 1224(A), 836 N.Y.S.2d 492 (Sup. Ct. 2007) ............................ 7

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014)................................................................................. 3, 4

*Fischer v. Stiglitz*,
   No. 15-CV-6266(AJN), 2016 WL 3223627 (S.D.N.Y. June 8, 2016) ............ 8, 9, 11

*Gucci Am., Inc. v. Li*,
   768 F.3d 122 (2d Cir. 2014)............................................................................ 3

*Kejriwal v. UCO Bank*,
   No. 12-CV-7507(MHD), 2014 WL 116218 (S.D.N.Y. Jan. 10, 2014) ............ 6

*Legros v. Irving*,
   38 A.D.2d 53, 55 N.Y.S.2d 371 (1971) ...................................................... 10

*Montgomery v. Minarcin*,
   263 A.D.2d 665, 667 N.Y.S.2d 293 (1999).................................................. 10

*Popper v. Monroe*,
   No. 87 CIV. 0899 (SWK), 1990 WL 129168 (S.D.N.Y. Aug. 29, 1990)................... 7

*Ramgoolie v. Ramgoolie*,
   No. 16-CV-3345 (VEC)(SN), 2017 WL 9565534 (S.D.N.Y. May 31, 2017)....................... 3, 4

*Realuyo v. Villa Abrille*,
   No. 01 CIV. 10158(JGK), 2003 WL 21537754 (S.D.N.Y. July 8, 2003) ................. 7

*Reich v. Lopez*,
   38 F. Supp. 3d 436 (S.D.N.Y. 2014)........................................................... 4

*Rivera v. Greenberg*,
   243 A.D.2d 697, 698 N.Y.S.2d 628 (1997) .................................................. 6

*SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*,
   18 N.Y.3d 400 (2012) ....................................................................... 5, 6, 9, 11

*Talbot v. Johnson Newspaper Corp.*,
   71 N.Y.2d 827, 829, 522 N.E.2d 1027 (1988).......................................... 7

*Tannerite Sports, LLC v. NBCUniversal Media LLC*,
   135 F. Supp. 3d 219, 231 (S.D.N.Y. 2015)................................................. 6

*Thomas v. Ashcroft*,
   470 F.3d 491 (2d Cir. 2006)......................................................................... 2

*Troma Entm't, Inc. v. Centennial Pictures Inc.*,
  729 F.3d 215 (2d Cir. 2013)...................................................................................................... 2

**Rules**

N.Y. Civ. Rts. § 74............................................................................................................................ 9

N.Y. C.P.L.R. § 302(a) ................................................................................................................ 5,6,9

Fed. R. Civ. P. 12(b)(2)............................................................................................................... 2,11

## INTRODUCTION

Plaintiff Sparrow Fund Management, LP ("Sparrow") seeks to haul Defendant Parker H. "Pete" Petit ("Defendant" or "Petit"), a Georgia citizen, into this Court to answer its claims for defamation and conspiracy to defame without pleading sufficient facts supporting the Court's personal jurisdiction.  It is well settled that simply alleging Petit had *some* contact with New York is not sufficient to establish personal jurisdiction over him for defamation claims.  Rather, Sparrow must either establish that Petit is "at home" in New York, or that there is a substantial relationship between its defamation claims and Petit's business transactions in New York— which Sparrow cannot do.  Sparrow merely claims that Petit frequently travels to New York and, quite separately, that he made some of the alleged statements while physically in New York. Therefore, there is no "articulable nexus" between the business transacted and the defamation claims.  Sparrow's complaint against Petit must be dismissed for failure to plead facts supporting this Court's exercise of personal jurisdiction at to Petit.

## BACKGROUND

Sparrow brought this Complaint against Petit and his former employer MiMedx on June 4, 2018, alleging that Petit and MiMedx, in concert with unnamed online personas, defamed and conspired to defame Sparrow.  ECF No. 1 ("Compl.").  In its complaint, Sparrow admits that Petit is "a resident of Georgia."  *Id*. ¶ 3.  Sparrow also admits that Petit was the Chairman and CEO of MiMedx, a company based in Marietta, Georgia.  *Id*. ¶¶ 3-4.  Sparrow alleges that Petit made a number of purportedly defamatory statements "publicly" or in press-releases, although did not plead any facts supporting where those statements were made or heard.  *Id*. ¶¶ 17, 19-20, 22, 24-26.  Sparrow's sole factual reference to Petit's location is the isolated allegation that Petit

made a statement about unnamed short sellers "in a public conference appearance with the investment community that took place in New York." *Id.* ¶ 23.

In the portion of its complaint discussing personal jurisdiction, Sparrow asserts that this Court may exercise both general and specific jurisdiction over Petit. *Id.* at 6. Sparrow relies on its conclusory allegations that Petit (1) "conducts regular business in New York and has a consistent presence there," (2) is the CEO of an unnamed New York company, (3) "travels there frequently to conduct business," (4) was the CEO of MiMedx, and in that capacity, "regularly and purposefully avails himself of the privilege of conducting business in New York, as he, for instance, regularly meets and conducts shareholder business in New York," and (5) made allegedly defamatory statements "while physically in New York." *Id.* ¶ 6.

As detailed below, these allegations are wholly insufficient to support this Court's exercise of personal jurisdiction over Petit in this case. The Court should therefore dismiss Petit from this action.

## LEGAL STANDARD

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a complaint must be dismissed if the plaintiff cannot establish personal jurisdiction over a defendant. "A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013). Accordingly, "[i]n order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). In considering whether a plaintiff has met its burden, a court considers whether "its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'" *Troma*, 729 F.3d at 217.

When a case is brought under a federal court's diversity jurisdiction, a court assessing personal jurisdiction "must look first to the long-arm statute of the forum state," *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997), which in this case will be the New York long-arm statute.  Then, "[i]f the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process." *Id*.

### ARGUMENT

Sparrow's complaint must be dismissed because it has failed to plead legally sufficient allegations supporting either general personal jurisdiction under the constitutional requisites of due process, or specific personal jurisdiction under the New York long-arm statute.

## I.  Sparrow Has Not Sufficiently Pled—And Cannot Plead—Facts Supporting The Exercise Of General Personal Jurisdiction Over Petit in New York.

This Court does not have general personal jurisdiction over Petit because Petit is not domiciled in the state of New York.  "General, all-purpose jurisdiction permits a court to hear 'any and all claims' against an entity, regardless of whether the claims in question concern activity conducted in the forum state." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 134 (2d Cir. 2014). Sparrow's complaint appears to assert that this Court can exercise general over Petit because he has traveled to New York to transact business.  Compl ¶ 6.  This is incorrect as a matter of law.

While the New York long-arm statute "has historically permitted courts to exercise general jurisdiction over foreign defendants 'doing business' in the state" under certain conditions, as a matter of Constitutional due process "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *See Ramgoolie v. Ramgoolie*, No. 16-CV-3345 (VEC)(SN), 2017 WL 9565534, at *3 (S.D.N.Y. May 31, 2017), *report and recommendation adopted*, No. 16-CV-3345 (VEC)(SN), 2017 WL 3575853 (S.D.N.Y. Aug. 18, 2017) (*citing Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

3

Specifically, the Supreme Court has held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 134 S. Ct. at 760. "[A]lthough general jurisdiction is theoretically available for nonresident defendants, in practice it is limited to defendants 'domiciled in New York, served in New York, or [who] have otherwise consented to the court's jurisdiction.'" *Ramgoolie*, 2017 WL 9565534, at *3. Moreover, "[o]nly on truly 'exceptional' occasions" may a court exercise general jurisdiction over a non-domiciliary—that is, if that individual is otherwise "at home" in the forum. *Reich v. Lopez*, 38 F. Supp. 3d 436, 455 (S.D.N.Y. 2014). Even "an individual's 'engage[ment]' in a substantial, continuous, and systematic course of business *is alone insufficient* to render it at home in a forum.'" *Id*. at 457 (emphasis added). Following these proscriptions, courts in this district have declined to exercise general jurisdiction in situations where out-of-state defendants were involved in activities with a New York resident, took periodic business trips to New York to attend conventions, or even took hundreds of business trips to New York. *See, e.g.*, *Ramgoolie*, 2017 WL 9565534, at *3; *Reich v. Lopez*, 38 F. Supp. 3d at 456-57.

Here, Sparrow has not pled that Petit is domiciled in New York. Rather, Sparrow admits that Petit is a resident of Georgia. Compl. ¶ 3. Moreover, Sparrow has not pled that Petit was served in New York[1] or otherwise consented to jurisdiction in New York. And Sparrow's allegations that Petit transacted business in or regularly traveled to New York do not create an "exceptional" circumstance rendering Petit "at home" in New York. Accordingly, Sparrow has not pled—and cannot plead—facts supporting this Court's exercise of general jurisdiction over Petit.

---

[1] Petit was served in Marietta, Georgia.

## II.     Sparrow Pled Insufficient Facts To Support the Application of the New York Long-Arm Statute To Petit.

Likewise, this Court does not have specific personal jurisdiction over Petit pursuant to the New York long-arm statute, because Sparrow has not pled sufficient facts supporting the required "substantial relationship" between the alleged defamation and Petit's alleged transaction of business in New York.

### A.     The New York Long-Arm Statute Only Applies to Out-of-State Defendants in Defamation Claims In Narrow Circumstances.

The New York long-arm statute permits the exercise of specific personal jurisdiction over non-domiciliaries only pursuant to those scenarios specifically laid-out in New York Civil Practice Laws and Rules, Section 302.  N.Y. C.P.L.R. §302.  While long-arm jurisdiction can be premised on the commission of a tortious act, the statute specifically excludes "cause[s] of action for defamation of character."  N.Y. C.P.L.R. §302(a)(2)-(3).  Thus, allegations that the defendant has committed defamatory acts within the forum "cannot form the basis for 'tortious act' jurisdiction" under Sections 302(a)(2) or 302(a)(3) of the long-arm statute.  *See S*PCA *of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 403 (2012).  Rather, a court can only exercise specific personal jurisdiction in a defamation case if the plaintiff establishes that its claim *arises from* the defendant's "transact[ing] any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. §302(a)(1); *see also id*.

Still further, personal jurisdiction in the context of a defamation claim cannot travel under just any New York-based business transaction, because "New York courts construe 'transacts any business within the state' more narrowly in defamation cases than they do in the context of other sorts of litigation."  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007); *cited in accord in SPCA*, 18 N.Y.3d at 405-06.  In defamation cases, courts require a showing that a "substantial relationship exists between a defendant's purposeful activities and the transaction

giving rise to the defamation cause of action." *SPCA*, 18 N.Y.3d at 404.  In other words, there must be "some articulable nexus between the [New York] business transacted and the [defamation] cause of action." *Id.*

Here, New York's narrower rules regarding personal jurisdiction in defamation claims apply to both of Sparrow's claims:  Count I – Defamation Per Se and Count II – Civil Conspiracy to Defame.[2]  Compl. ¶¶ 46-64.  However, Sparrow has failed to plead facts supporting a sufficient connection between the underlying defamation claims and any actionable New York business "transaction" by Petit.

> **B.      Allegations Regarding Petit's Alleged Defamatory Statements Do Not Constitute Actionable "Transactions" For Purposes of the New York Long-Arm Statute.**

As an initial matter, an act of alleged defamation itself cannot be the business "transaction" supporting personal jurisdiction.  As the Second Circuit held when interpreting the New York long-arm statute:

> [T]he 'single act' of uttering a defamation, no matter how loudly, is not a 'transact[ion of] business' that may provide the foundation for personal jurisdiction.  In other words, when the defamatory publication itself constitutes the alleged 'transact[ion of] business' for the purposes of section 302(a)(1), more

---

[2] Sparrow has no credible argument that a "civil conspiracy to defame" claim falls outside of these defamation rules.  Certainly, a civil conspiracy claim is not actionable under New York law absent the existence of the underlying tort—in this case, defamation.  *Rivera v. Greenberg*, 243 A.D.2d 697, 698, 663 N.Y.S.2d 628 (2d Dep't 1997).  But for avoidance of doubt, a plaintiff cannot avoid the narrower standard for jurisdiction in defamation cases through artful pleading.  *See Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 231 (S.D.N.Y. 2015) ("[A] plaintiff may not escape the special rules applicable to allegations of defamation through artful pleading: when a claim, however denominated, sounds in defamation, the CPLR's defamation rules apply.").  Specifically, "[c]ourts are instructed to decline jurisdiction over claims that attempt to avoid the requirements of New York's long-arm statute by merely restating a defamation claim under a different name."  *Kejriwal v. UCO Bank*, No. 12-CV-7507 MHD, 2014 WL 116218, at *7 (S.D.N.Y. Jan. 10, 2014) (applying the defamation standards to tortious interference and intentional infliction of emotional distress claims, because the claims really sounded in defamation).

6

than the distribution of a libelous statement must be made within the state to establish long-arm jurisdiction over the person distributing it.

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007).  Accordingly, Petit's allegedly defamatory statements—even those allegedly made in New York (Compl. ¶ 23)—are not "transactions" conferring jurisdiction under the long-arm statute.

Similarly, under New York law, "something more than the mere posting of information on a passive web site is required to indicate that the defendant purposefully directed his activities at the forum state."  *Competitive Techs., Inc. v. Pross*, 14 Misc. 3d 1224(A), 836 N.Y.S.2d 492 (Sup. Ct. 2007); *see also Best Van Lines*, 490 F.3d at 253 (posting on a website viewable by New Yorkers is not sufficient to confer jurisdiction under the long-arm statute).  Sparrow asserts that nearly all of the allegedly defamatory statements made by Petit were either posted online or included in press releases.  *Id.* ¶¶ 17, 19-20, 22, 24-26.  Sparrow does not, however, allege that such alleged publications were in any way directed to or targeted at New York.  Accordingly, these acts are also not "transactions" sufficient to support personal jurisdiction against Petit.

### C.     Allegations Regarding Petit's Alleged General Business Contacts with New York Do Not Constitute Actionable "Transactions" For Purposes of the Long-Arm Statute.

Moreover, New York-based business "transactions" that are unrelated to the alleged defamation do not trigger the application of the New York long-arm statute.  *See, e.g.*, *Realuyo v. Villa Abrille*, No. 01 CIV. 10158(JGK), 2003 WL 21537754, at *6 (S.D.N.Y. July 8, 2003) (Koeltl, J.) (finding that business transactions unrelated to the alleged defamatory statements cannot establish jurisdiction under the New York long-arm statute); *Popper v. Monroe*, No. 87 CIV. 0899 (SWK), 1990 WL 129168, at *2 (S.D.N.Y. Aug. 29, 1990) (finding that entering into a New York-based contract unrelated to the alleged defamation did not support jurisdiction under the long-arm statute); *Talbot v. Johnson Newspaper Corp.*, 71 N.Y.2d 827, 829, 522 N.E.2d

1027 (1988) (finding that unrelated past contact with forum did not support application of the long-arm statute).

For example, in *Fischer v. Stiglitz*, out-of-state defendants were accused of posting defamatory remarks about plaintiff's beekeeping book.   No. 15-CV-6266(AJN), 2016 WL 3223627, at *7 (S.D.N.Y. June 8, 2016).  Defendants also ran a business that bought and sold honey in New York, which actions plaintiff argued constituted in-state business "transactions" supporting personal jurisdiction.  *Id.*  The district court rejected this argument, finding that, because defendants' New York-based commercial activities were not taken "in order to" generate the alleged defamatory statements, the activities were not sufficiently related to the defamation claims to support jurisdiction under the long-arm statute.  *Id.*

So too, here.  Sparrow pleads that Petit "conducts regular business in New York and has a consistent presence therein," that he is the CEO of an unidentified "New York company," that he travels to New York frequently, and that he conducts business in New York on behalf of MiMedx, including by "regularly meet[ing] and conduct[ing] shareholder business in New York. Compl. ¶ 6.  However, just as in *Fischer*, none of these alleged business transactions—even if true—relate in any way to the alleged defamation.  There is no indication that Petit engaged in any of these activities "'in order to . . . generate [allegedly defamatory] material to publish' about Plaintiff."  *Fischer*, 2016 WL 3223627, at *7.

Sparrow also pleads that "[o]n or about November 30, 2017, Pete Petit, in a public conference appearance with the investment community that physically took place in New York," allegedly made a statement defamatory of unidentified short sellers.  Compl. ¶ 23.  Again, however, there is no indication that Petit traveled to New York for the purpose of making this statement or that there is any sort of "nexus" between the alleged statement and Petit's business

travel to New York. *See Fischer*, 2016 WL 3223627, at *7 (holding that a "defendant must engage in the relevant New York-based activity with the *intent* to create the allegedly defamatory work for jurisdiction to lie under CPLR § 302(a)(1).") (emphasis in original). The only reasonable inference from these allegations is that Petit traveled to New York for an investment conference in order to engage with investors and potential investors in his publicly-traded company, and while there, happened to utter the allegedly defamatory statement. Petit could just as easily have made the allegedly defamatory statement from his home jurisdiction of Georgia.[3]

In the analogous *SPCA* case, the Court of Appeals rejected the application of the long-arm statute in a defamation case, even though some of defendant's contact with New York tangentially related to the defamation. *SPCA*, 18 N.Y.3d at 405. There, a Vermont citizen visited a New York SPCA location to donate supplies, and later wrote an allegedly defamatory blog post about what she saw during that visit. *Id.* In declining to exercise jurisdiction, the court emphasized that the defendant "did not visit New York *in order to* conduct research, gather information or otherwise generate [the alleged defamatory] material." *Id.* (emphasis added). Rather, the defendant traveled to New York was for the completely separate purposes of assisting injured animals. *Id.* For this reason, despite the fact that the allegedly defamatory statements were made about activity that the defendant observed while in New York, the Court of Appeals found that there was no "substantial relationship between the allegedly defamatory statements and the defendants' New York activities." *Id.*

---

[3] In any event, the alleged statement was privileged and not subject to defamation liability given that Petit—in stating that MiMedx was "going down the civil path with" certain short sellers engaged in "illegal" behavior (Compl. ¶ 23)—was doing no more than giving a true and fair report of pending litigation. N.Y. Civ. Rts. Law § 74; *see also* Defendants' concurrently-filed Motion to Dismiss at 8-12.

Similarly, Sparrow has not alleged any facts showing that Petit attended the November 30, 2017 conference with the "intent" to create the allegedly defamatory statement about unnamed shortsellers.  In fact, Sparrow does not plead any facts about the purpose of the alleged conference or Petit's intentions for attending, which may well have had nothing to do with discussing shortselling. Nor does Sparrow plead any facts regarding Petit's making of the statement that might indicate if the actual business transaction—attending the conference—was undertaken *with the intent* to create the allegedly defamatory statement.  Absent such allegations, an out-of-state defendant like Petit could unexpectedly find himself subject to the jurisdiction of another state on the back of a stray statement made while traveling for work.

In contrast to the sparse facts pleaded here, in the few defamation cases where courts have exercised jurisdiction under the long-arm statute, the business transactions at issue were significant and essential to the creation of the alleged defamatory statements, and the defendants had clearly and deliberately relied on New York to create the statements.  For example, a court found jurisdiction under the long-arm statute was appropriate where "virtually all the work attendant upon publication of [an allegedly defamatory] book occurred in New York," including researching the book's contents, negotiating and contracting for its publication, and printing the finished product.  *Legros v. Irving*, 38 A.D.2d 53, 55, 327 N.Y.S.2d 371 (1971).  Similarly, another court found jurisdiction under the long-arm statute when an allegedly defamatory news report was researched in New York for six weeks, written and produced in-state, and then aired by a local television station in New York. *Montgomery v. Minarcin*, 263 A.D.2d 665, 667, 693 N.Y.S.2d 293 (1999).

Sparrow has not pleaded facts supporting Petit's deliberate and extensive reliance on the New York forum to create the allegedly defamatory statements.  Rather, the facts as pled indicate that the statements—at best—arose from Petit's contacts with *Georgia*, not New York.  Accordingly,

10

applying the principles articulated in *SPCA* and *Fische*r, and absent any facts showing Petit intended to generate the alleged defamatory statements during his trip to the November 30, 2017 conference, jurisdiction under the long-arm statute is inappropriate in this case.

## CONCLUSION

Because Sparrow has failed to adequately plead facts supporting the exercise of general or specific jurisdiction over non-resident defendant Petit, Petit respectfully requests that this Court issue an order dismissing Sparrow's complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Dated: August 13, 2018.                    */s/ David M. Pernini*

**WARGO & FRENCH LLP**

David M. Pernini, *pro hac vice*
Georgia Bar No. 572399
John C. Matthews
New York Bar No. 4507620
999 Peachtree St. NE, 26th Floor
Atlanta, GA 30309
(404) 853-1500 (telephone)
(404) 854-1501 (facsimile)
dpernini@wargofrench.com
jmatthews@wargofrench.com

*Counsel for Defendants MiMedx Group, Inc.*
*and Parker H. "Pete" Petit*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PARKER H. "PETE" PETIT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

| | |
|---|---|
| Adam S. Heder | Nikolas S. Komyati |
| Harris Berne Christensen LLP | Bressler, Amery & Ross, PC |
| 5000 Meadows Road, Suite 400 | 17 State Street, 34th Floor |
| Lake Oswego, OR 97035 | New York, NY 10004 |
| (503)-596-2920 (telephone) | (212) 425-9300 (telephone) |
| (503)-968-2003 (facsimile) | (212) 425-9337 (facsimile) |
| adamh@hbclawyers.com | nkomyati@bressler.com |

Respectfully submitted, this 13th day, August 2018.

*/s/ David M. Pernini*
David M. Pernini