IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPARROW FUND MANAGEMENT LP,<br><br>    Plaintiff,<br><br>    v.<br><br>MIMEDX GROUP, INC., PARKER H. "PETE" PETIT, AND JOHN DOES 1-10,<br><br>    Defendants. | **Case No.  1:18-cv-04921 (PGG) (KHP)** |

**DEFENDANTS MIMEDX GROUP, INC.'S AND PARKER H. "PETE" PETIT'S OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF SPARROW FUND MANAGEMENT, LP'S MOTIONS FOR EXPEDITED DISCOVERY ON AN EMERGENCY BASIS**

## **TABLE OF CONTENTS**

**Page Nos.**

Table of Contents ..................................................................................................................... ii
Table of Authorities ................................................................................................................ iii
I.   Introduction ..................................................................................................................... 1
II.  Background ..................................................................................................................... 3
   A.  MiMedx Filed its Lawsuit Against Known and Unknown Short Sellers After a Thorough Pre-Filing Investigation into the Identity of "Aurelius Value" .......................................... 3
   B.  Sparrow Filed its Retaliatory Lawsuit against MiMedx, Petit, and John Does for Filing *Sparrow I* ................................................................................................................. 3
III. Argument and Citation of Authority ............................................................................... 4
   A.  Sparrow Fails to Establish Any Good Cause or Exigent Circumstances for Expedited Discovery ....................................................................................................................... 5
   B.  Sparrow Fails to Make Out a *Prima Facie* Case ........................................................ 7
IV.  Conclusion ....................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*adMarketplace, Inc. v. Tee Support, Inc.*,
  No. 13 CIV. 5635 LGS, 2013 WL 4838854 (S.D.N.Y. Sept. 11, 2013) ...................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................................9

*Chiaramonte v. Boxer*,
  504 N.Y.S.2d 182 (2d Dep't 1986)........................................................................................8

*Digital Sin, Inc. v. Does 1-176*,
  279 F.R.D. 239 (S.D.N.Y. 2012) ............................................................................................4

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
  206 F. Supp. 3d 869, 913 (S.D.N.Y. 2016), *reconsideration denied*, No. 15-CV-4244 (JGK),
  2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016) ........................................................................8

*In Touch Concepts, Inc. v. Cellco P'ship*,
  949 F. Supp. 2d 447 (S.D.N.Y. 2013)....................................................................................8

*Kirch v. Liberty Media Corp.*,
  449 F.3d 388 (2d Cir. 2006)....................................................................................................8

*MiMedx v. Sparrow Fund Management LP, et al.*,
  S.D.N.Y. Case No. 1:17-cv-07568 .....................................................................................1, 3

*N. Atl. Operating Co. v. Evergreen Distribs., LLC*,
  293 F.R.D. 363 (E.D.N.Y. 2013) ............................................................................................5

*Perez v. Lopez*,
  948 N.Y.S.2d 312 (2d Dep't 2012)........................................................................................8

*Rivera v. Greenberg*,
  663 N.Y.S.2d 628 (2d Dep't 1997)........................................................................................8

**Rules**

Fed. R. Civ. P. 8......................................................................................................................9

Fed. R. Civ. P. 26....................................................................................................................4

Fed. R. Civ. P. 26(b)(1)...........................................................................................................7

Fed. R. Civ. P. 26(d)(1).......................................................................................................4, 6

Fed. R. Civ. P. 26(f)..........................................................................................1, 2, 4, 5, 6, 7

## I. INTRODUCTION

This case has never been about seriously litigating any legitimate claim for relief. Instead, this case was filed in retaliation for an earlier lawsuit and to score a public relations coup for Plaintiff Sparrow Fund Management, LP ("Sparrow") and its fellow short sellers against their targets, Defendants MiMedx Group, Inc. ("MiMedx") and Parker H. "Pete" Petit (collectively, "Defendants"),[1] while simultaneously creating a device for Sparrow to ferret out the identities of third parties that have dared to oppose the short sellers' narrative. Now, in its Motions for Expedited Discovery on an Emergency Basis (ECF Nos. 15, 24), Sparrow requests that the Court approve its efforts to further this goal by using obviously-deficient claims as a predicate to serve subpoenas prior to the Rule 26(f) conference. But there is no justification for such expedited discovery—especially on an emergency basis—and the Motions should be denied.

Sparrow presents its first Motion under the false guise of attempting to serve certain alleged "John Doe defendants" with process, and argues that in a related litigation (*MiMedx v. Sparrow Fund Management LP, et al.*, S.D.N.Y. Case No. 1:17-cv-07568), MiMedx itself sought expedited discovery on an emergency basis in order to serve a defendant with process. ECF No. 16. The difference, however, is that under the then-assigned district judge's rules, MiMedx simply could not proceed with its case without serving that defendant. *See* Hon. Deborah A. Batts, Indiv. R. of Prac. II.G. There is no rule in the instant case requiring that the alleged "John Doe defendants" be served before the court can address the pending motion to dismiss or

---

[1] Indeed, as observed in Defendants' pending Motion to Dismiss, Sparrow's claims against Defendants are baseless and barred by the litigation privilege (among other things). ECF No. 45. They are meant as no more than cover for Sparrow to further malign MiMedx in front of investors by: (1) placing a number of impertinent allegations into the public sphere, including notably their allegations concerning former employees of the Department of Veterans Affairs that have nothing to do with any alleged defamation by Defendants (ECF No. 6 at ¶¶ 40-43); and (2) representing to the public that they have filed a lawsuit against Defendants, which is intended to create fear and uncertainty about the value of MiMedx's stock. Notably, Sparrow's Complaint was championed by anti-MiMedx short sellers on Twitter the very morning of its filing (although most of those posts have since been deleted).

1

otherwise allow the case to proceed to discovery in the normal course. Further, Sparrow's argument that evidence may theoretically be destroyed absent expedited discovery would apply in any case, eviscerating the normal rule that discovery is stayed until the Rule 26(f) conference. Sparrow's concern would be adequately addressed by a simple litigation hold letter, which Sparrow has admittedly already served on third parties.

Sparrow presents its second Motion to obtain expedited discovery as to the identity of an unrelated third party that it does not even claim to be a "John Doe defendant" in this case. ECF No. 25. Thus, Sparrow cannot even bring its second Motion under the guise of needing to serve a party with process; instead, Sparrow relies entirely on its unfounded contention that the unrelated third party may have information relevant to these proceedings and might destroy that information if expedited discovery is not granted. But as before, this argument is insufficient in itself to justify expedited discovery, particularly as the third party is alleged only to have posted information on the Internet. Again, that information could be retrieved from the online host in the normal course of discovery following an appropriate litigation hold letter.[2]

In any event, in addition to showing "good cause" or "exigent circumstances" for expedited discovery—which Sparrow cannot do for the reasons just discussed—Sparrow must also establish a *prima facie* likelihood of succeeding on the merits of its claims for defamation and civil conspiracy to defame. Defendants have already filed a detailed Motion to Dismiss demonstrating that Sparrow has failed to even state a claim in this case, much less made a showing of a likelihood of succeeding on the merits. ECF No. 45.

For those reasons, as summarized herein, Sparrow is not entitled to expedited discovery on an emergency basis. Sparrow's instant Motions must therefore be denied.

---

[2] Defendants do not concede that Sparrow is *entitled* to this discovery, but merely point out that it is logistically *possible* and therefore that the relief they request herein is unnecessary.

## II. BACKGROUND

### A. MiMedx Filed its Lawsuit Against Known and Unknown Short Sellers After a Thorough Pre-Filing Investigation into the Identity of "Aurelius Value"

In September 2017, MiMedx was blindsided by a "short and distort" attack by various known and unknown short sellers seeking to depress MiMedx's share price through the dissemination of false and defamatory information about the Company's business practices. *See MiMedx. v. Sparrow Fund Management, LP et al.*, S.D.N.Y. Case No. 1:17-cv-07568, ECF No. 1 at ¶ 1 ("*Sparrow I*"). Among those unknown short sellers was at least one individual or entity self-identified as "Aurelius Value" ("Aurelius"). *Id.* at ¶ 9. Prior to filing *Sparrow I*, MiMedx immediately engaged the services of an international investigative firm to assist in identifying the true identity of Aurelius. *Sparrow I*, ECF No. 72 at ¶¶ 3-4.

Based on its thorough pre-filing investigation laid out in detail in its *Sparrow I* filings, MiMedx filed its affirmative lawsuit against Sparrow and others on October 4, 2017. *Sparrow I*, ECF Nos. 1, 71-72, 104. Aurelius notably ceased publication of further articles on MiMedx until mid-February 2018—approximately one month after this Court's recommendation to dismiss the Complaint against Sparrow. *Sparrow I*, ECF No. 83.

### B. Sparrow Filed its Retaliatory Lawsuit against MiMedx, Petit, and John Does for Filing *Sparrow I*

On June 4, 2018, Sparrow filed the instant lawsuit, asserting claims of defamation *per se* and civil conspiracy to defame against Defendants for statements made in the *Sparrow I* pleadings and further statements constituting a fair report of a judicial proceeding. ECF No. 6 at ¶¶ 9-27; 47-56. For example, Sparrow alleges that "[t]hroughout the complaint [in *Sparrow I*], MiMedx describes Sparrow as having engaged in 'illegal,' 'manipulative,' and 'fraudulent' conduct." *Id.* at ¶ 12. Sparrow also claims that Defendants conspired with various "John Doe defendants" to further spread false information about Sparrow and others online. *Id.* at ¶¶ 28-39;

3

57-64. Seeking information on the identity of two John Doe defendants known on Twitter as @nascardrivers69 and @atlantadoctors, Sparrow filed its Motion for Expedited Discovery on an Emergency Basis ("First Emergency Motion") on June 27, 2018. ECF Nos. 15-16. Sparrow later filed a second Motion for Expedited Discovery on an Emergency Basis ("Second Emergency Motion") on July 11, 2018, seeking information on the identity of an unrelated third party that Sparrow alleged may have information pertinent to this litigation, known on Yahoo! Finance message boards as "longdistance." ECF Nos. 24-25.

On August 13, 2018, Defendants filed two separate motions to dismiss Sparrow's Complaint in its entirety for failure to state a claim and for lack of personal jurisdiction over Petit. *See* ECF Nos. 44, 46. Those motions remain pending, and Sparrow has been ordered to respond to the motions to dismiss concurrently with the instant filing.

### III. ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules of Civil Procedure provide that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). While Rule 26 itself does not provide a standard for assessing motions for expedited discovery, courts in this Circuit apply the "flexible standard of reasonableness and good cause" to determine whether to permit requests for expedited discovery prior to the Rule 26(f) conference. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)). Courts also require the plaintiff to establish a *prima facie* case for relief on the merits of its claim(s) prior to awarding any leave to conduct expedited discovery. *adMarketplace, Inc. v. Tee Support, Inc.*, No. 13 CIV. 5635 LGS, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013).

### A. Sparrow Fails to Establish Any Good Cause or Exigent Circumstances for Expedited Discovery

At the outset, to the extent that Sparrow requests leave of court to circumvent the normal rule that discovery is stayed until the parties' Rule 26(f) conference, it is required to demonstrate that the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013). There is undoubtedly prejudice to the responding parties associated with responding to subpoenas before the court rules on the pending motion to dismiss. That prejudice is, in fact, substantial given that the information sought may expose identities that the responding parties prefer to keep confidential, as suggested by Sparrow's statement that they "remain anonymous." ECF No. 16 at 4. This Court has already stated that discovery targeted at such anonymous individuals—as Sparrow seeks permission to serve here—is "improper" and that such individuals must be protected from "harassment or unnecessary embarrassment." *Sparrow I,* ECF No. 83 at 23.[3] Thus, as a result of this threatened prejudice to the responding parties, Sparrow is required to show a substantial and compelling "need for expedited discovery" to outweigh that threatened prejudice. This it cannot do.

In the First Emergency Motion, for example, Sparrow targets two specific individuals—who it asserts are proper defendants to this case—for expedited discovery and claims that without expedited discovery it will be unable to serve them with process. This argument defies all logic. If Sparrow is able to locate these individuals to serve them with discovery, then they should be able to serve them with process through the same exact means. Sparrow readily contends that it has a "good faith basis" that these two individuals are the online users in

---

[3] Indeed, unlike Sparrow here, when MiMedx sought expedited discovery in *Sparrow I*, its proposed requests were limited to the known parties in the case (*i.e.*, not the anonymous persona that MiMedx needed to serve with process) and certain Internet hosting companies. *Sparrow I*, ECF No. 15 at 15.

question. *See* ECF No. 16 at 6-7.[4]  If Sparrow has such a "good faith basis," it should name these defendants in its Complaint and serve them with process.  If Sparrow does not have such a "good faith basis," there is no justification for the requested discovery at all.  In either event, Sparrow has made no showing that it cannot serve these subpoenas in the normal course of discovery, after the Rule 26(f) conference and the beginning of formal discovery.

Sparrow does make a half-hearted attempt to argue, in both the First Emergency Motion and Second Emergency Motion, that there is somehow a risk that the targets of its discovery will destroy evidence.[5]  But this is a risk inherent in every case involving third-party discovery, and there is no wide-ranging rule that third-party discovery is not subject to the discovery hold in Rule 26(d)(1).  Moreover, the contention that the targets of expedited discovery may destroy evidence is incorrect given the nature of the evidence in question, which exclusively consists of online Internet posts which are not the property of the poster.  That is, even if the posters in question "deleted" all of their posts from the Internet platforms described in Sparrow's Motions, the posts would still exist on the host's servers.  Litigation hold letters to those online hosts would be a far less extraordinary remedy than granting Sparrow unilateral relief from the normal, everyday limitations of federal-court discovery to serve subpoenas, particularly as this case is still in its infancy and motions to dismiss are pending.  Indeed, Sparrow represented to this Court

---

[4] Indeed, Sparrow admits that expedited discovery is only available to a plaintiff that "is unable to identify the defendants without a court-ordered subpoena." ECF No. 16 at 5 (citing *adMarketplace,* 2013 WL 4838854 at *2). Sparrow admits that it is able to identify the John Doe defendants in question without a subpoena, and in fact that it has done so. Therefore, expedited discovery is unnecessary.

[5] Sparrow suggests in its Second Emergency Motion that longdistance has apparently "started deleting posts," but for this proposition cites to the Declaration of Nathan Koppikar, which merely alleged that the number of posts for this user "decreased slightly." *Compare* ECF No. 25 at 9 *with* ECF No. 26 at ¶ 22. Koppikar admits he has no way of determining whether any of longdistance's posts were deliberately removed or, even if so, were at all relevant to this matter. ECF No. 26 at ¶ 22. Therefore, Sparrow's belief that this user could be "potentially destroy[ing] evidence" is based on nothing more than suspicion and speculation. *Id.*

during the July 19, 2018 hearing that litigation hold letters were sent to each and every individual believed to be in possession of discoverable information and "prone" to destroying evidence. July 19, 2018 Hr'g Tr. 10:6-9. The relief Sparrow seeks is unwarranted given its own concession that litigation hold letters have been previously issued to the appropriate parties.

Lastly, to the extent that Sparrow seeks expedited discovery in its Second Emergency Motion not for the *procedural* purpose of serving an unknown defendant, but rather to seek information relating to its *substantive* claims against Defendants from an unrelated third party, that type of information is clearly the sort of information that should be sought in the normal course of discovery. *See* ECF No. 25 at 4 (seeking "information relevant to both the timing and circumstances of Defendants' knowledge of Aurelius's identity.").[6] Discovery of information relating to the knowledge or intent of named parties is appropriately reserved until after the Parties have an opportunity to participate in the required Rule 26(f) conference, as such information falls squarely within the parameters of Rule 26(b)(1).

### B. Sparrow Fails to Make Out a *Prima Facie* Case

The Motions should also be denied for the independent reason that Sparrow cannot show that it has established a *prima facie* case against Defendants, as required to justify its requests for expedited discovery.

First, as demonstrated in Defendants' Motion to Dismiss, Sparrow's claim for defamation *per se* fails as a matter of law. To state a claim for defamation under New York law, the plaintiff must sufficiently allege (1) a defamatory statement of fact; (2) of and concerning the plaintiff; (3) publication to a third party; (4) falsity; (5) made with the applicable level of fault; (6) causing

---

[6] Confusingly, Sparrow also claims that the scope of the potential discovery sought in the Second Emergency Motion would "confirm the identities of John Does named in its Complaint." ECF No. 25 at 10. This is entirely inconsistent with the earlier stated intent of the Second Emergency Motion and nonsensical based on the nature of the information sought.

injury to the plaintiff; and (7) the statement is not protected by privilege. *See In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 484 (S.D.N.Y. 2013) (citing Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (1st Dep't 1999)). Here, the allegations of the Complaint themselves make clear that Sparrow's defamation-based claims fail for at least three reasons: the bar of the absolute litigation privilege and/or Section 74 of the New York Civil Rights Law; the failure to show that Defendants' statements generally pertaining to short sellers were "of and concerning" Sparrow; and the failure to show either that Sparrow is a private figure for purposes of the defamation analysis or that Defendants acted with "actual malice" toward Sparrow. *See* ECF No. 45 at 14-25.[7]

Second, also as demonstrated in the Motion to Dismiss, Sparrow similarly has failed to state a plausible claim for civil conspiracy to defame. To state a claim for civil conspiracy, Sparrow must allege sufficient facts to establish (1) a cognizable, independent tort; (2) an agreement between two or more conspirators; (3) an overt act in furtherance of the agreement; (4) the conspirators' intentional participation to further the plan or purpose; (5) and resulting damage. *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 913 (S.D.N.Y. 2016), *reconsideration denied*, No. 15-CV-4244 (JGK), 2016 WL 6652733 (S.D.N.Y. Nov. 10, 2016); *Perez v. Lopez*, 948 N.Y.S.2d 312, 314 (2d Dep't 2012). However, New York does not recognize civil conspiracy as an independent tort, and therefore the failure of Sparrow's defamation claim is also fatal to the derivative conspiracy claim. *Rivera v. Greenberg*, 663 N.Y.S.2d 628, 629 (2d Dep't 1997); *Chiaramonte v. Boxer*, 504 N.Y.S.2d 182, 183 (2d Dep't 1986); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Sparrow's conclusory allegations of "parallel conduct" are insufficient to suggest a conspiracy in any event, as they fail

---

[7] For brevity, Defendants fully incorporate their arguments in support of dismissing Sparrow's Complaint for failure to state a claim herein. *See generally* ECF No. 45.

to satisfy the plausibility requirements of Rule 8 as interpreted by the U.S. Supreme Court.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  Finally, the claim for civil conspiracy also fails because Sparrow made no allegation to establish an agreement between MiMedx or Petit and the John Doe Defendants.  *See* ECF No. 45 at 25-29.   Because Sparrow has not established that its allegations state a claim as a matter of law, its motions for expedited discovery must be denied.

## IV. CONCLUSION

Because there is no "good cause" nor are there "exigent circumstances" to justify expedited discovery in this case, Sparrow should be required to wait until the discovery period has opened to initiate discovery—just as Defendants must.  Sparrow's failure to establish a *prima facie* entitlement to relief in this case also dooms both of its Motions.  Therefore, they should be denied.

Dated:  September 14, 2018.

                */s/ David M. Pernini*

                **WARGO & FRENCH LLP**

                David M. Pernini, *pro hac vice*
                Georgia Bar No. 572399
                John C. Matthews
                New York Bar No. 4507620
                999 Peachtree St. NE, 26th Floor
                Atlanta, GA 30309
                (404) 853-1500 (telephone)
                (404) 854-1501 (facsimile)
                dpernini@wargofrench.com
                jmatthews@wargofrench.com

                *Counsel for Defendants MiMedx Group, Inc.*
                *and Parker H. "Pete" Petit*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **DEFENDANTS MIMEDX GROUP, INC.'S AND PARKER H. "PETE" PETIT'S OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF SPARROW FUND MANAGEMENT, LP'S MOTIONS FOR EXPEDITED DISCOVERY ON AN EMERGENCY BASIS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

| | |
|---|---|
| Adam S. Heder | Nikolas S. Komyati |
| Harris Berne Christensen LLP | Bressler, Amery & Ross, PC |
| 5000 Meadows Road, Suite 400 | 17 State Street, 34th Floor |
| Lake Oswego, OR 97035 | New York, NY 10004 |
| (503)-596-2920 (telephone) | (212) 425-9300 (telephone) |
| (503)-968-2003 (facsimile) | (212) 425-9337 (facsimile) |
| adamh@hbclawyers.com | nkomyati@bressler.com |

Respectfully submitted, this   14th   day, September 2018.

>  */s/ David M. Pernini*
>  David M. Pernini