## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPARROW FUND MANAGEMENT, LP, )<br><br>   *Plaintiff,* )<br><br>   v. )<br><br>MIMEDX GROUP, INC., PARKER H. "PETE" )<br>PETIT AND JOHN DOES 1-10, )<br><br>   *Defendants,* ) | **Case No. 1:18-CV-04921 (PGG) (KHP)** |

## REPLY MEMORANDUM IN SUPPORT OF PARKER H. PETIT'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff Sparrow Fund Management, LP ("Sparrow") admits that under New York's long-arm statute, N.Y. C.P.L.R. § 302, it must allege facts demonstrating that Mr. Petit "engaged in some purposeful activity within New York that was directly related to the creation of the allegedly defamatory work." (Dkt 54, Mem. in Opp. to Mot. to Dismiss at 2) ("Sparrow Opp.") (quoting *Biro v. Nast*, 2012 U.S. Dist. LEXIS 113188, at *29 (S.D.N.Y. Aug. 10, 2012)). But Sparrow has failed to meet that burden. All of its allegations concerning Mr. Petit involve actions he took (if at all) in his official capacity as chairman and CEO of MiMedx, and those actions are not sufficient to establish personal jurisdiction over him in New York under the circumstances of this case. Even if he had taken the alleged actions in his personal capacity, moreover, they would not suffice to establish personal jurisdiction over him because they were not "directly related" to the alleged defamatory statements. Finally, Sparrow is not entitled to jurisdictional discovery to try to rectify these deficiencies in its pleadings because the exercise would be pointless (not to mention costly and burdensome for everyone involved): there is

simply no reason to believe that Mr. Petit engaged in any purposeful activity in New York in his personal capacity related to the alleged defamation.  Sparrow's claims against Mr. Petit must therefore be dismissed under F.R.C.P. 12(b)(2).

      A.     Sparrow Concedes the Absence of General Jurisdiction Over Mr. Petit And
           Has Not Alleged Facts Sufficient To Establish Long-Arm Jurisdiction Over Him.

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2nd Cir. 2006).  It must do that by alleging facts in pleadings or affidavits sufficient to establish jurisdiction.  *S. New England Tel. Co. v. Global NAPs Inc*., 624 F.3d 123, 138 (2nd Cir. 2010) (internal quotation marks omitted).  A court will not "accept legally conclusory assertions or draw 'argumentative inferences'" in the plaintiff's favor.  *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citing *Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 507 (2nd Cir. 1994)).

Sparrow tacitly concedes that the Court lacks general personal jurisdiction over Mr. Petit because he is a non-resident.  Mr. Petit made that argument in his opening brief (Dkt. No. 47, Mem. in Support of Mot. to Dismiss at 3-4), and Sparrow did not oppose the argument (or even mention it) in its opposition, effectively conceding the point.  *See Pablo Star Ltd. v. Welsh Government*, 170 F. Supp. 3d 597, 606, n. 4 (S.D.N.Y. 2016) ("Plaintiffs have waived any argument rooted in general jurisdiction by failing to advance such a theory in their papers.").  Sparrow also concedes that under New York's long-arm statute, this court "may exercise personal jurisdiction over a non-resident in a defamation claim '[only] where the defendant engaged in some purposeful activity within New York that was directly related to the creation of the allegedly defamatory work.'" (Sparrow Opp. at 2) (quoting *Biro,* 2012 U.S. Dist. LEXIS 113188, at *29).  A paradigmatic example of such conduct would be "staying in New York to

research a defamatory book or news broadcast," *Tannerite Sports, LLC v. NBC Universal Media LLC*, 135 F. Supp. 3d 219, 230 (S.D.N.Y. 2015).  Yet Sparrow fails to allege that Mr. Petit took any purposeful actions in New York in his personal capacity that were directly related to the alleged defamation.

Sparrow's opposition enumerates four instances in which Mr. Petit allegedly "transacted significant business within New York" directly related to the making of defamatory statements. (Sparrow Opp. at 2).  None of them satisfies the requirements of New York's long-arm statute, as demonstrated below.

Sparrow writes:  "First, Petit caused the filing of a lawsuit in New York that Sparrow has alleged was a sham lawsuit designed entirely to defame Sparrow and distract the investing public."  *Id.*  This allegation falls short because personal jurisdiction over a corporate officer — even the corporation's chairman and CEO—cannot be premised on a conclusory allegation that he "caused" the corporation to take action within the jurisdiction.  *See Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998) (Sotomayor, J.).  Rather "a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in question."  *Id.* at 323; *accord In re Lyman Good Dietary Supplements Litig.*, No. 17-CV-8047, 2018 WL 3733949, at *8 (S.D.N.Y. Aug. 6, 2018) (holding that personal jurisdiction over out-of-state corporate officers for corporations' in-state actions could not be based on allegations that one defendant had "overall management responsibilities for all [corporate] policies and strategies," another ran his corporation "all day, every day," and a third was "the primary actor and decision-maker with respect to the business and manufacturing decisions" of his corporation," because "[t]hese allegations assert only that the Individual Defendants had general authority over their corporations, not that they were the primary actors in

the specific transactions giving rise to this action").  Like the plaintiffs in *Karabu Corp.* and *In re Lyman,* Sparrow simply alleges in conclusory fashion that Mr. Petit "caused" the filing of the accused lawsuit in New York, or that he must have caused it because he was MiMedx's chairman and CEO.  Those non-specific allegations do not entitle Sparrow to hale a Georgia resident who took no personal actions in New York into a New York courtroom.

Sparrow writes: "Second, Petit made at least some (if not all) of the defamatory statements while physically in New York."  (Sparrow Opp. at 2).  This allegation is plainly insufficient to establish personal jurisdiction.  For one thing, Sparrow's complaint alleges only a single instance in which Mr. Petit allegedly made a statement while physically in New York, and the statement does not even mention Sparrow by name:

> On or about November 30, 2017, Pete Petit, in a public conference appearance
> with the investment community that physically took place in New York, again
> referred to the "short sellers" as being engaged in "illegal" behavior. He
> specifically identified those entities he accused of "illegal" behavior as the ones
> that MiMedx was going "down the civil path with," which included Sparrow.

Even assuming this alleged statement, which does not even mention Sparrow, could support a defamation claim, it cannot support the exercise of personal jurisdiction over Mr. Petit:  as the Second Circuit reiterated in *Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2nd Cir. 2007), "the act of uttering a defamation, no matter how loudly, is not a transaction of business that may provide the foundation for personal jurisdiction."  *Id* at 248.

Sparrow writes:  "Third, Petit directed his efforts in defaming Sparrow not only at the investing public but also at the Nasdaq stock market, where MiMedx is currently listed."  (Sparrow Opp. at 2).  The theory behind this statement appears to be that wherever Mr. Petit might allegedly have defamed Sparrow, he did so either to deter Nasdaq from delisting MiMedx by discrediting Sparrow or to distract investors from the likelihood that Nasdaq would delist

MiMedx.  Either way, this allegation is precisely the kind of "conclusory assertion" calling for an "argumentative inference[]" that cannot form the basis of personal jurisdiction.  *Mende*, 269 F. Supp. 2d  at 251.  It also does not describe a direct relationship or "strong nexus" between the alleged defamatory statements and alleged actions or effects in New York that the long-arm statute (and the cases construing it) require.  S*ee, e.g., Biro,* 2012 U.S. Dist. LEXIS 113188, at *29 (holding that actions in forum must be "directly related" to defamation claim); *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2nd Cir. 1983) (requiring a "strong nexus" between business transacted in New York and plaintiff's cause of action); *Reich v. Lopez*, 38 F. Supp. 3d 436, 458 (S.D.N.Y. 2014) ("The 'arising out of' requirement for personal jurisdiction under § 302(a)(1) is not the same as merely being indirectly 'related to' the transacted business."). The allegation that Mr. Petit took purposeful action in New York by defaming Sparrow outside New York in an effort to distract investors (who might be located anywhere) from a likely delisting by Nasdaq in New York is plainly insufficient to establish personal jurisdiction over him.

Sparrow writes:  "And finally, MiMedx is now under criminal investigation in New York. At all relevant times, Petit was both the CEO and Chairman of the Board of MiMedx, and since MiMedx is under investigation (in New York), Petit almost certainly is as well.  It is inconceivable that Petit  is not regularly engaged with New York law enforcement authorities since the entire purpose of initiating the MiMedx Lawsuit was to avoid prosecution (in New York), avoid Nasdaq delisting (in New York), deceive the investing public (headquartered in New York) and defame Sparrow (which was previously located in New York)."  (Sparrow Opp. at 2).  The purely speculative allegation that Mr. Petit is under criminal investigation in New York and therefore must be "regularly engaged" with New York law enforcement authorities is

another quintessential example of a "conclusory assertion" calling for an "argumentative inference[]." *Mende*, 269 F. Supp. 2d  at 251.  In any event, being "under criminal investigation" in New York and therefore being "regularly engaged with New York law enforcement authorities" is hardly an example of "purposefully [availing one's self] of the privilege of conducting activities within the forum," as is required for personal jurisdiction. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).

In short, because Sparrow has not alleged facts sufficient to establish even a prima facie case that Mr. Petit, in his personal capacity, engaged in purposeful activity within New York that was directly related to the alleged defamation claims, Mr. Petit's motion to dismiss for lack of personal jurisdiction should be granted.

B.      Sparrow is Not Entitled to Jurisdictional Discovery

"'[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" *Haber v. U.S.*, 823 F.3d 746, 753 (2nd Cir. 2016) (quoting *Freeman v. United States,* 556 F.3d 326, 342 (5th Cir. 2009)).  A court may also deny jurisdictional discovery where the plaintiff "fail[s] to show how the information . . . [it hopes] to obtain from this discovery would bear on the critical issue" of  jurisdiction. *Gualandi v. Adams,* 385 F.3d 236, 245 (2nd  Cir. 2004).

Sparrow has not shown that discovery is likely to produce the facts needed to establish jurisdiction over Mr. Petit.  It simply asserts in conclusory fashion that, given the facts alleged in its papers, "[it] is inconceivable that Petit . . . would not have regular and consistent transactions throughout the state related to his efforts to defame Sparrow."  Sparrow thus effectively concedes that it seeks to go on a fishing expedition for jurisdictional facts.  That is not what jurisdictional discovery is for.  Sparrow has not shown that discovery is likely to produce the facts needed to

establish personal jurisdiction over Mr. Petit.  The Court should therefore exercise its discretion to deny Sparrow's request.

<strong><u>CONCLUSION</u></strong>

For the reasons stated in Mr. Petit's opening brief (ECF No. 47) and this reply, Mr. Petit respectfully requests that the Court grant his motion to dismiss (ECF No. 46) and deny Sparrow's request for jurisdictional discovery.

Respectfully submitted,

Dated:  October 26, 2018
Washington, D.C.

/s/ *William A. Burck*
William A. Burck, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
williamburck@quinnemanuel.com

*Attorney for Defendant Parker H. Petit*

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I hereby certify that a true copy of the above document was served upon attorneys of record by ECF on October 26, 2018.

/s/ *William A. Burck*
William A. Burck