## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPARROW FUND MANAGEMENT, LP,<br><br>Plaintiff,<br><br>vs.<br><br>MIMEDX GROUP, INC., PARKER H. "PETE" PETIT and JOHN DOES 1-10,<br><br>Defendants. | Civil Case No.: 1:18-cv-04921-PGG-KHP<br><br><br><br>**PLAINTIFF SPARROW FUND MANAGEMENT, LP'S FRCP 72(b)(2) OBJECTIONS TO REPORT AND RECOMMENDATION AND ORDER ON MOTIONS TO DISMISS (DOC. NO. 84)** |

### INTRODUCTION

Pursuant to FRCP 72(b)(2), Plaintiff Sparrow Fund Management, LP ("Sparrow") hereby objects to several portions of the Report and Recommendation and Order ("RRO") entered by U.S. Magistrate Judge Katharine H. Parker (Doc. No. 84) in connection with the motions to dismiss filed by Defendants MiMedx Group, Inc. ("MiMedx") and Parker H. "Pete" Petit ("Petit") (collectively "Defendants") (Doc. No. 44). To be clear, should the Court allow it, Sparrow intends to take Judge Parker's recommendation to amend its Complaint and believes that it can address the issues and deficiencies noted in the RRO. Should Sparrow be allowed leave to amend, as the RRO suggests, then the objections stated herein largely, though not entirely, become moot. Nevertheless, in order to properly preserve the issues and because it is unclear from the RRO whether Judge Parker believes amendment could cure *some* of the defects she identified, Sparrow believes it is necessary to file these objections now.

Regarding the FRCP 12(b)(6) motion to dismiss (Doc. No. 44), Judge Parker concluded that the allegations in the Complaint in this action (Doc. No. 1) relating to "Statements 1, 2, 3, and 7," as she defined them, should be dismissed or stricken because the statements were either

absolutely privileged or qualifiedly privileged. Doc. No. 84, pp. 15-16. Unfortunately, Judge Parker did not address an argument raised by Sparrow in its opposition that would have defeated the privilege argument. Judge Parker also concluded that the allegations as to certain other of Defendants' statements should be dismissed or stricken because they were not clearly and unambiguously "of and concerning" Sparrow, though taken in context, a reasonable juror could easily and properly conclude that all such statements did relate specifically to Sparrow.

As to the FRCP 12(b)(2) motion to dismiss the claims against Petit for lack of personal jurisdiction (Doc. No. 46), Judge Parker failed to correctly credit the arguments and facts put forth by Sparrow, and should not have granted the motion to dismiss without at least giving Sparrow the opportunity to conduct limited jurisdictional discovery to learn additional facts about exactly where Petit was when he issued and made defamatory statements, what business he was transacting in New York, and how that business was connected with the defamatory statements he made.

For the reasons specified below, Sparrow requests that, as to those findings and conclusions, this Court reject those portions of the RRO and decline to order dismissal or the striking of those allegations and the claim against Petit.

### DISCUSSION

I.      FRCP 12(b)(6) Motion to Dismiss For Failure to State a Claim.

A.      Privilege and "Sham Lawsuit".

As was noted in the RRO, the instant action arises out of a prior lawsuit filed against Sparrow and others by MiMedx and another party (MiMedx Group, Inc., *et al.* v. Sparrow Fund Management, LP, *et al.*, No. 1:17-cv-07568-PGG-KHP ("Sparrow I")) and other statements made by Defendants about Sparrow. Doc. No. 84, p. 1. In the instant case, Sparrow has alleged that the claims made by Defendants in Sparrow I and in the other related public statements were

defamatory. Doc. No. 1. Defendants moved to dismiss the Complaint in the instant action under FRCP 12(b)(6), claiming (among other things) that the Complaint failed to adequately plead that the defamatory statements were not either absolutely or qualifiedly privileged. Doc. No. 45, pp. 8-12. Specifically, Defendants asserted that the allegations made in Sparrow I were absolutely privileged because they were made in the context of a legal proceeding (citing *O'Brien v. Alexander*, 898 F.Supp. 162, 171 (S.D.N.Y. 1995)), and other public statements were protected by a qualified privilege because they were fair and true reports of what was being litigated in that case (relying on Section 74 of the New York Civil Rights Law).

In Sparrow's opposition to the motion to dismiss, it responded that neither the absolute nor the qualified privilege apply to statements in or arising out of a "sham" lawsuit, citing *Williams v. Williams*, 23 N.Y.2d 592, 599 (1969) and *Bridge C.A.T. Scan Associates v. Ohio Nuclear, Inc., et al.*, 608 F.Supp. 1187, 1194-1195 (S.D.N.Y. 1985). Doc. No. 58, pp. 12-15. Those cases provide that *neither* privilege applies when the prior proceeding was maliciously instituted, alleging false and defamatory statements. As was stated in the *Bridge C.A.T. Scan Associates* case, "Under New York law, such a [defamation] claim is barred neither by the absolute privilege afforded statements made in pleadings, nor by the statutory privilege afforded fair and true reports of such statements," because "for [a party], purposely and maliciously, to stimulate press coverage and wide publicity of a complaint with its allegedly false and malicious statements is beyond the pale of protection." *Bridge C.A.T. Scan Associates v. Ohio Nuclear, Inc., et al.*, *supra*, 608 F.Supp. at 1194. Moreover, the authority cited by Sparrow in its opposition demonstrated that the question of the "sham" lawsuit is particularly ill-suited to determination on a motion to dismiss. Doc. No. 58, p. 13, citing *Halcyon Jets, Inc. v. Jet One Group, Inc.*, 894 N.Y.S.2d 392, 393 (2010) and *Conte v. Newsday, Inc.,* 703 F.Supp.2d 126, 146–47 (E.D.N.Y. 2010).

Judge Parker, in her RRO, noted the issue and the *Williams* case at the bottom of page 11 and top of page 12, although she seemed to state that it only applies to claims of qualified privilege under Section 74, rather than to both qualified and absolute privilege, as was stated in the *Bridge C.A.T. Scan Associates* case. But then Judge Parker did not revisit the question when discussing the privilege issue at pages 15 and 16 of her RRO. She concluded that the statement she has identified previously as Statement 1 is absolutely privileged, and that the statements she has identified previously as Statements 2, 3, and 7 are protected by the qualified privilege and should be stricken from the case, but she then never addressed the question of whether those privileges protect Defendants in this action, given that Sparrow has alleged that the allegations in the Sparrow I case relating to Sparrow and all statements arising out of or relating to it were malicious, defamatory, and frivolous. Doc. No. 1, ¶¶ 12-14, 16, 17, 22, 44, 49, 51, 54, and 55.[1]

In other words, Sparrow alleged that the Sparrow I lawsuit was a "sham" lawsuit, and therefore the allegations contained therein and reporting or statements about that lawsuit were not protected by the absolute or qualified privileges, according to the *Williams* and *Bridge C.A.T. Scan Associates* cases. The question of whether a lawsuit was a "sham" lawsuit and therefore whether the absolute or qualified privileges apply is a question for the jury and not properly decided on an FRCP 12(b)(6) motion, according to the *Halcyon Jets* and *Conte* cases. Judge Parker noted the issue, but then failed to address it in any way when ruling that Statements 1, 2, 3, and 7 were privileged and that the claims relating to those statements should be dismissed. For this reason, Sparrow requests that the portion of the RRO relating to the privilege question (Doc. No. 84, pp.

---

[1] It is worth noting that Defendants, in their reply brief, argued that Sparrow's Complaint in this case contained no such allegations (Doc. No. 70, pp. 2-3), but they are clearly present in paragraphs 14, 44, 49, 51, and 55 of the Complaint (Doc. No. 1). To the extent that it is believed that the allegations in those paragraphs are not adequate to raise the "sham lawsuit" issue, then that will be addressed when Sparrow amends its Complaint.

15-16) be rejected by this Court and that the allegations relating to Statements 1, 2, 3, and 7 be allowed to remain in the case.

      B.    <u>"Of and Concerning" Sparrow</u>.

      As Judge Parker wrote in the RRO, quoting *Daytree at Cortland Square Inc. v. Walsh*, 332 F.Supp. 3d 610, 629 (E.D.N.Y. 2018), "The test in this circuit is whether the libel designates the plaintiff in such a way as to let those who knew the plaintiff understand that he was the person meant. It is not necessary that all the world should understand the libel." (Doc. No. 84, p. 14, internal citations omitted). Earlier in the RRO, Judge Parker noted that Sparrow I was filed in October 2017, and then listed the public statements and comments by Defendants that were at issue in the instant case, which comments were made over a period of five months (with most occurring within a few weeks after the filing of Sparrow I). Doc. No. 84, pp. 3-6. Judge Parker concluded that Statements 5, 6, 8, 10, and 11 should be dismissed or stricken from the case because they referred only to "short sellers" as a group and could not reasonably be read to refer specifically to Sparrow. Doc. No. 84, pp. 13-14.

      The problem is that in doing so, Judge Parker places herself in the place of the jury and concludes (incorrectly) that a person who knew of and was familiar with Sparrow couldn't reasonably reach the conclusion that those statements referred specifically to Sparrow. But the allegations stated that shortly after suing Sparrow and accusing it in the lawsuit of engaging in fraudulent manipulation of the market through short-selling MiMedx's stock, Defendants issued press releases and talked about fraud and "recent short seller attacks on the Company" (Statement No. 5), entities that are involved in illegal short selling activities (Statement Nos. 6, 10, and 11), and in particular, entities involved in illegal short selling behavior *that MiMedx is currently suing*

(Statement No. 8). Doc. No. 84, pp. 5-6. (What does "going down the civil path with" mean, if not referring to the lawsuit that was recently filed against Sparrow?)

Taking these statements *in context*, it is impossible to say that no reasonable person could conclude that all those statements were about Sparrow. A person who was aware of Sparrow and knew that MiMedx was in the process of suing Sparrow and was accusing it of being Aurelius Value and engaging in illegal and fraudulent short selling activities could reasonably conclude that all of those statements referred to Sparrow. Accordingly, the RRO erred, at least at this early procedural stage, in dismissing the allegations relating to Statements 5, 6, 8, 10, and 11, because they could reasonably be understood to be "of and concerning" Sparrow.

II.   <u>FRCP 12(b)(2) Motion to Dismiss Petit for Lack of Personal Jurisdiction</u>.

As to Petit's FRCP 12(b)(2) motion for dismissal due to lack of personal jurisdiction over him, Sparrow's opposition brief (Doc. No. 54) presented extensive authority and supporting facts making an adequate prima facie showing that this Court has personal jurisdiction over Petit in this case. Petit, through his own personal statements (at least one of which was made in New York), defamed Sparrow in connection with his business-related efforts in New York to bolster the reputation of his company (as reported by New York-based Bloomberg) and to protect the company's position with the New York-based Nasdaq and New York-based investors. Sparrow requested the opportunity to conduct limited jurisdictional discovery to verify facts it believes to be true and to nail down the details of Petit's New York-related activities and transactions, but Judge Parker denied that request in a short footnote which puts the cart before the horse by refusing to allow discovery because there was no proof that it would result in facts that it was aimed at discovering. Sparrow requests that this Court overturn the dismissal of the claims against Petit or,

at the very least, put that decision on hold while allowing Sparrow to conduct discovery aimed at the facts necessary to oppose the motion.

## **CONCLUSION**

Judge Parker erred by dismissing the claims based on privileged statements without addressing the fact that the statements were made in and about a "sham lawsuit," which statements are not privileged. Judge Parker further erred by concluding that certain of the defamatory statements could not reasonably be understood to refer to Sparrow, without taking the statements together in context and as viewed by a person knowledgeable about the parties and their relationships. Finally, Judge Parker erred by dismissing the claims against Petit without at least giving Sparrow the opportunity to conduct discovery to verify and bolster the already-known connections between Petit's New York business transactions and the defamation at issue in this case.

Dated: January 18, 2019                     Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**

/s/ Nikolas S. Komyati
Nikolas S. Komyati, NYB #4298188
nkomyati@bressler.com
17 State Street
New York, NY 10004
Tel: 212-425-9300 | Fax: 212-425-9337

**HARRIS BERNE CHRISTENSEN LLP**

/s/ Adam S. Heder
Adam S. Heder, CSB #270946, OSB #151144
adamh@hbclawyers.com
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
Tel: 503-968-1475 | Fax: 503-968-2003
*Admitted pro hac vice*

*Counsel for Plaintiff Sparrow Fund Management, LP*