**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SPARROW FUND MANAGEMENT, LP,

           Plaintiff,

        v.

MIMEDX GROUP, INC., PARKER H.
"PETE" PETIT, AND JOHN DOES 1-10,

           Defendants.

Case No. 1:18-cv-04921-PGG-KHP

**DEFENDANT PARKER H. "PETE" PETIT'S RESPONSE TO PLAINTIFF'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

**TABLE OF CONTENTS**

STANDARD OF REVIEW ........................................................................................................2

ARGUMENT..........................................................................................................................2

    I.    The Report's recommendation that the Court grant Mr. Petit's motion to dismiss for lack of personal jurisdiction is not clearly erroneous. .......................................................2

    II.    The Report's recommendation that the Court deny Plaintiff's request for jurisdictional discovery is not clearly erroneous. ...................................................................................4

CONCLUSION.......................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
 671 F.3d 140 (2d Cir. 2011)..................................................................................... 6

*AMPA Ltd. v. Kentfield Capital LLC*,
 No. 00-cv-0508 (NRB), 2001 WL 204198 (S.D.N.Y. March 1 , 2001) ............................ 4

*Best Van Lines, Inc. v. Walker*,
 490 F.3d at 248 ............................................................................................................... 4

*Crique v. Magill*,
 No. 12 CIV. 3345 PAC GWG, 2014 WL 2805249 (S.D.N.Y. June 19, 2014) .................. 5

*Haber v. U.S.*,
 823 F.3d 746 (2d Cir. 2016)...................................................................................... 5, 6

*Mario v. P & C Food Markets, Inc.*,
 313 F.3d 758 (2d Cir. 2002)......................................................................................... 5

*McNair v. Ponte*,
 No. 16 CIV. 4646 (PGG), 2018 WL 1384522 (S.D.N.Y. Mar. 19, 2018 ...................... 2, 3

*MiMedx Group, Inc. v. Sparrow Fund Management LP*,
 No. 1:17-cv-07568-PGG-KHP (S.D.N.Y. Oct. 4, 2017) ..................................................... 1

*Reich v. Lopez*,
 38 F. Supp. 3d 436 (S.D.N.Y. 2014)................................................................................ 3

*SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n*,
 18 N.Y.3d 400 (2012) .................................................................................................. 3, 4

*United States v. Snow*,
 462 F.3d 55 (2d Cir. 2006)........................................................................................... 2, 4

**Rules and Statutes**

28 U.S.C. § 636(b)(1) ............................................................................................................  2

Fed. R. Civ. P. 12(b) ...........................................................................................................1,6

Fed. R. Civ. P. 72..................................................................................................................... 2, 5

This case is the second of two actions between Sparrow Fund Management, LP ("Plaintiff") and MiMedx Group, Inc. ("MiMedx").  In the first action, MiMedx sued Sparrow and others for defamation and other torts based on, among other things, statements made by a blogger named "Aurelius Value."  *See* Complaint ¶¶ 35–36, 84, 99, *MiMedx Group, Inc. v. Sparrow Fund Management LP*, No. 1:17-cv-07568-PGG-KHP (S.D.N.Y. Oct. 4, 2017) ("*Sparrow I*"), ECF. No. 1.[1]  In retaliation for *Sparrow I*, Sparrow filed this second action against MiMedx and against Parker H. Petit ("Mr. Petit"), MiMedx's former Chairman and CEO, who was not a party in *Sparrow I*.

Mr. Petit, a Georgia resident, moved under Federal Rule 12(b)(2) to dismiss the Complaint against him for lack of personal jurisdiction.  The Magistrate Judge's December 14, 2018 Report and Recommendation and Order ("the Report") recommends granting Mr. Petit's motion to dismiss for lack of personal jurisdiction and denying Plaintiff's request for jurisdictional discovery.  Plaintiff objected to those rulings, but its four-sentence argument merely refers generally to the arguments it made in its brief on opposition to Mr. Petit's Rule 12(b)(2) motion to dismiss and cites no legal authority or new matter for consideration.  The standard of review of the Report is therefore for clear error.  Because the Magistrate Judge committed no error, much less clear error, the Court should adopt those portions of the Report,[2] grant Mr. Petit's motion to dismiss, and deny Plaintiff's request for jurisdictional discovery.

---

[1] This Court granted Sparrow's motion to dismiss *Sparrow I.*  Order, *Sparrow I*, ECF No. 112; Clerk's Judgment, *Sparrow I*, ECF No. 117.

[2] MiMedx and Mr. Petit also jointly moved under Federal Rule 12(b)(6) to dismiss the Complaint for failure to state a claim.  Doc. 45.  The Report recommends granting Defendants' 12(b)(6) motion in part.  Doc. 84 at 14, 16.  Mr. Petit and MiMedx filed separate objections to the Report's partial denial of the Rule 12(b)(6).  Docs. 92, 94.  Plaintiff also objects to the recommendation to grant Defendants' Rule 12(b)(6) motion in part.  Doc. 93 at 2–6.  Mr. Petit opposes Plaintiff's objections and joins in MiMedx's opposition to Plaintiff's objections regarding the Rule 12(b)(6) motion.  *See* Doc. 95.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C.

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may object to a magistrate

judge's report and recommendation. Those objections, however, must be "specific" and

"written." Fed. R. Civ. P. 72(b)(2). If the Report is deciding a dispositive motion, the standard

of review is usually *de novo*. Fed. R. Civ. P. 72(b)(3). But if the objecting party "makes only

conclusory or general arguments, or simply reiterates the original arguments," as Plaintiff has

done here, "the Court will review the R&R strictly for clear error." *McNair v. Ponte*, No. 16

CIV. 4646 (PGG), 2018 WL 1384522, at *5 (S.D.N.Y. Mar. 19, 2018 (Gardephe, J.) (alterations

adopted and quotation marks omitted). A decision is not "clearly erroneous" unless, "upon

review of the entire record, [the court is] left with the definite and firm conviction that a mistake

has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks

omitted).

As for recommendations with respect to non-dispositive issues, such as questions of

whether to permit jurisdictional discovery, the standard of review is clearly erroneous for an

additional reason. Federal Rule of Civil Procedure 72(a) provides that for non-dispositive issues,

clearly erroneous is the proper standard of review.

## ARGUMENT

**I.      The Report's recommendation that the Court grant Mr. Petit's motion to dismiss
         for lack of personal jurisdiction is not clearly erroneous.**

The Magistrate Judge recommends granting Mr. Petit's motion to dismiss for lack of

personal jurisdiction. Report, Doc. 84 at 23. In its objections, Plaintiff baldly states that the

Report errs because Mr. Petit allegedly "defamed Sparrow in connection with his business-

related efforts in New York." Pltf.'s Objections to the Report, Doc. 93 at 6. This conclusory

statement is the same contention Plaintiff made to the Magistrate Judge. *See id.* (claiming that

Plaintiff's opposition brief "presented extensive authority and supporting facts" adequate to

make a prima facie showing of personal jurisdiction); Pltf.'s Br. in Opp. to Mr. Petit's Mtn. to

Dismiss for Lack of Personal Jurisdiction, Doc. 54 at 10–12. Because the Magistrate Judge

already considered this argument, and because Plaintiff has cited no legal authority, has asserted

no new considerations, and has made only a conclusory and general argument, the Report's

recommendation to grant Mr. Petit's motion to dismiss for lack of personal jurisdiction should be

reviewed for clear error. *McNair*, 2018 WL 1384522, at *5.

Here, there is no error, much less clear error, in the Report's analysis and conclusion that

Plaintiff has not alleged a prima facie case for personal jurisdiction over Mr. Petit. The Report

properly analyzes specific personal jurisdiction under the correct legal standard: New York's

long-arm statute. Report, Doc. 84 at 20–23; *see* C.P.L.R. § 302(a)(1).[3] To establish specific

jurisdiction under § 302(a)(1), Plaintiff must demonstrate that Mr. Petit transacted business in

New York and an "articulable nexus" between Mr. Petit's alleged transaction and Plaintiffs'

defamation claim. *See SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400,

404 (2012). The Report correctly applies this standard, ruling that "Sparrow fails to plead facts

supporting a sufficient connection between its … claims and any actionable New York business

transaction by Petit." Report, Doc 84 at 22 (citing *SPCA*, 18 N.Y.3d at 403). The Report also

correctly concludes that MiMedx's decision to file an action against Plaintiff cannot establish

jurisdiction over Mr. Petit even though he was then the company's CEO. Report, Doc. 84 at 22

---

[3] The Report also correctly concludes that the Fourteenth Amendment does not permit this
Court's exercise of general personal jurisdiction over Mr. Petit. Report, Doc. 84 at 22 (citing
*Reich v. Lopez*, 38 F. Supp. 3d 436, 457 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017)).
Plaintiff does not object to this conclusion.

(citing *AMPA Ltd. V. Kentfield Capital LLC*, No. 00-cv-0508 (NRB), 2001 WL 204198, at *2 n.5

(S.D.N.Y. March 1 , 2001)).  And the Report correctly determines that a defamatory statement is

not itself a business transaction under § 302(a)(1), *see Best Van Lines, Inc. v. Walker*, 490 F.3d

239, 248 (2d. Cir. 2007), and that there was no nexus between any alleged  defamatory statement

and any business transactions Mr. Petit allegedly conducted in New York.  Report, Doc. 84 at

22–23.  As for any alleged online statements by Mr. Petit, the Report correctly determines that

there was no alleged "direct relation between" statements allegedly made online to the investing

public and in press releases and any alleged business transacted by Mr. Petit in New York.  *Id.* at

23 (citing *Best Van Lines*, 490 F.3d at 253).

Plaintiff has not made any non-conclusory objection to these determinations.  Nor does

Plaintiff argue that the Report misapplies *SPCA* or *Best Van Lines*.  Under these circumstances,

there can be no "definite and firm conviction" that the Magistrate Judge erred.  *See Snow*, 462

F.3d at 72.  The Court should adopt the Report's recommendation on Mr. Petit's motion to

dismiss for lack of personal jurisdiction and dismiss him from this case.

## II.     The Report's recommendation that the Court deny Plaintiff's request for jurisdictional discovery is not clearly erroneous.

Plaintiff never moved for jurisdictional discovery related to Mr. Petit. [4]  Only in response

to Mr. Petit's motion to dismiss for lack of personal jurisdiction did Plaintiff even mention

jurisdictional discovery.  Pltf.'s Brief in Opp. to Mr. Petit's Mtn. to Dismiss, Doc. 54 at 14–15.

Even then, Plaintiff did not say what discovery it sought and how it would establish jurisdiction.

---

[4]  Indeed, Plaintiff never moved for jurisdictional discovery even though it did make *two* motions
for expedited discovery limited to the John Doe Defendants.  *See* Docs. 15, 24; *see also* Report,
Doc. 84 at 24 (recommending the denial of Plaintiff's motions for expedited discovery).  Even
after Mr. Petit moved to dismiss for lack of personal jurisdiction, Plaintiff never requested
jurisdictional discovery during a hearing that addressed Plaintiff's request for expedited
discovery regarding the John Doe Defendants.  Transcript of 08/20/2018 Hearing, Doc. 75 at 6–
12.

*See id.* Despite the lack of specifics, Plaintiff claimed discovery would allow it to "achieve certainty" about the Court's jurisdiction over Mr. Petit. *Id.* at 15.

The Report recommends denying Plaintiff's request for jurisdictional discovery, reasoning that Plaintiff had "not shown that discovery is likely to produce the facts needed to establish jurisdiction over Petit." Report, Doc. 84 at 23 n.4 (citing *Haber v. U.S.*, 823 F.3d 746, 753 (2d Cir. 2016)). Without citation to any legal authority or identifying specific facts it would seek to discover, Plaintiff merely concludes that the Magistrate Judge "put[] the cart before the horse by refusing to allow discovery." Pltf.'s Objections to the Report, Doc. 93 at 6. This general objection is subject to clear error review. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that a "bare statement, devoid of any reference to specific findings or recommendations to which [the party] objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim"); *Crique v. Magill*, No. 12 CIV. 3345 PAC GWG, 2014 WL 2805249, at *2 (S.D.N.Y. June 19, 2014) (holding that failing "to cite any legal authority or fact that undermines the" Magistrate Judge's analysis makes the Report subject to clear error review); *see also* Fed. R. Civ. P. 72(a).

District courts do not abuse their discretion by denying jurisdictional discovery when a plaintiff fails to show how the information it "hopes to obtain from this discovery would bear on the critical issue for jurisdiction." *Haber*, 823 F.3d at 753. The Report correctly applies this legal standard and concludes that Plaintiff's unspecified request did not justify discovery. *See* Report, Doc. 84 at 23 n.4. Each time Plaintiff could have specified what discovery it would seek, it instead relied on conclusory rhetoric. In its opposition brief, Plaintiff said only that it wanted jurisdictional discovery to "achieve certainty" of jurisdiction over Petit. Pltf.'s Br. in Opp. to Mr. Petit's Mtn. to Dismiss, Doc. 54 at 15. And even after the Report explained that

Plaintiff must show how discovery would be likely to produce evidence establishing jurisdiction, Plaintiff states in its objection that it seeks discovery to "nail down the details" of Mr. Petit's New York activities.  Pltf's Objections to the Report, Doc. 93 at 6.  If Plaintiff needed discovery only to "achieve certainty" or "nail down the details," Plaintiff should have specified what discovery it would seek and how it would establish personal jurisdiction over Mr. Petit.  The Magistrate Judge correctly recommends that Plaintiff's request for jurisdictional discovery be denied.  *See Haber*, 823 F.3d at 755 (holding that the district court did not abuse its discretion by denying request for jurisdictional discovery that was premised on "unfounded and speculative accusations").[5]

## CONCLUSION

The Report correctly recommends dismissing Mr. Petit for lack of personal jurisdiction and denying Plaintiff's request for jurisdictional discovery.  Plaintiff objects to those recommendations but merely references the arguments it made to the Magistrate Judge and cites no legal authority or specifics to support its objection.  This Court's standard of review is therefore for clear error.  As discussed above, the Report's recommendations are correct, and Plaintiff has failed to show they are clearly erroneous.  The Court should dismiss Mr. Petit as a defendant for lack of personal jurisdiction as the Report recommends.  *See* Fed. R. Civ. P. 12(b)(2).

---

[5] As Mr. Petit argues in his objection to the Report, Doc. 93 at 10, the Court should also deny Plaintiff leave to amend its claims against Mr. Petit given the recommended dismissal of Mr. Petit for lack of personal jurisdiction.  *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011) ("Because Amidax's challenge on appeal to the district court's denial of its request for leave to amend its complaint is based solely upon Amidax being first able to pursue jurisdictional discovery, it would be futile for us to allow Amidax to amend its complaint.").

Respectfully submitted this 1st day of February 2019.

> Dan F. Laney
> Cameron B. Roberts
> > *Pro Hac Vice*
> > *Application Forthcoming*
>
> ROGERS & HARDIN LLP
> 2700 International Tower
> 229 Peachtree Street NE
> Atlanta, GA 30303
> Phone: 404-522-4700
> Facsimile: 404-525-2224
> dlaney@rh-law.com
> croberts@rh-law.com
>
> *Attorneys for Parker H. "Pete" Petit*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the

Court for the United States District Court for the Southern District of New York through the

CM/ECF system, which will automatically send email notification to all counsel of record.

Dated: February 1, 2019

Dan F. Laney
Cameron B. Roberts
    *Pro Hac Vice*
    *Application Forthcoming*

ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA 30303
Phone: 404-522-4700
Facsimile: 404-525-2224
dlaney@rh-law.com
croberts@rh-law.com

*Attorneys for Parker H. "Pete" Petit*