

HARRIS BERNE
CHRISTENSEN LLP

ATTORNEYS & COUNSELORS

LARGE FIRM EXPERTISE. SMALL FIRM EFFICIENCY.

**Adam S. Heder**
Direct: 503.596.2920
adamh@hbclawyers.com
Admitted in Oregon and California

February 22, 2019

**VIA CM/ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court, Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

>    Re:   *Sparrow Fund Management, LP v. MiMedx Group, Inc. et al.*
>          **No. 1:18-cv-04921-PGG-KHP**

Dear Judge Gardephe:

       After U.S. Magistrate Judge Katharine H. Parker recommended granting parts of the motions to dismiss filed by Defendants MiMedx Group, Inc. ("MiMedx") and Parker H. "Pete" Petit ("Petit") (Doc. No. 44) and Petit's separate motion to dismiss the claims against him for lack of personal jurisdiction (Doc. No. 46), the parties filed objections, which are currently under consideration by this Court. Although Plaintiff Sparrow Fund Management, LP ("Sparrow") believes that this Court does have proper personal jurisdiction over Petit, Sparrow would like to take this opportunity, while this matter is still under consideration, to alternatively ask the Court, if it is inclined to grant Petit's motion to dismiss for lack of personal jurisdiction over him, to instead sever the claims against Petit and transfer those claims to a court where there is proper personal jurisdiction over him, pursuant to 28 U.S.C. § 1406(a) and Rule 21 of the Federal Rules of Civil Procedure. A lack of personal jurisdiction can be remedied by transfer of the case under Section 1406(a). *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) (adopting Judge Weinfield's view in *Volk Corp. v. Art–Pak Clip Art Serv.*, 432 F.Supp. 1179, 1181 (S.D.N.Y. 1977)); *Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111-112 (2d Cir. 2001). Claims against an improperly-added party can be severed from the existing action. Fed.R.Civ.P. 21; 4 Moore's Federal Practice, §§ 21.02[4], 21.05 (Matthew Bender 3d ed. 2002). District courts have the power to sever claims against parties over whom they lack personal jurisdiction, and to transfer those claims to a district in which the claims could have been brought, pursuant to 28 U.S.C. § 1406. *St. Paul Fire & Marine Ins. Co. v. Servidone Const. Corp.*, 778 F.Supp. 1496, 1507-1508 (D.Minn. 1991); *Westvaco Corp. v. Viva Mgmt. Ltd.*, 2003 U.S. Dist. LEXIS 8051, *10-*11

**Main Office**
15350 SW Sequoia Parkway
Suite 250
Portland, OR 97224

**Salem Office**
625 Hawthorne Avenue SE
Suite 100
Salem, OR 97301

T   503.968.1475
F   503.968.2003
W   hbclawyers.com

February 22, 2019
Page 2

(S.D.N.Y.  May 15, 2003). If there is a risk that dismissal of a claim for lack of personal jurisdiction could cause the claim to be barred by a statute of limitations in the district where there is proper personal jurisdiction, the claims should be transferred pursuant to § 1406(a). *Gibbons v. Fronton*, 661 F.Supp.2d 429, 434 (S.D.N.Y. 2009).

Sparrow believes that in addition to this district, personal jurisdiction of Petit would properly exist in both Florida and Georgia. Sparrow would therefore renew its request for limited jurisdictional discovery to determine the relevant facts regarding the proper district to which the claims against Petit should be transferred, assuming Judge Parker's recommendation is not rejected by this Court.

If the Court would like more formal briefing and argument on this issue, Sparrow would be happy to provide it.  Further, should the Court find it necessary, this letter will serve as a request for a pre-motion conference in accordance with Judge Gardephe's Individual Rules IV. A.

Very truly yours,

**HARRIS BERNE CHRISTENSEN LLP**

Adam S. Heder
Admitted Pro Hac Vice

ASH:crb
cc: All Counsel of Record (via ECF)