# ROGERS & HARDIN

March 1, 2019

Dan F. Laney
Direct: 404.420.4624
Direct Fax: 404.230.0951
Email: dlaney@rh-law.com

**VIA CM/ECF**

Honorable Judge Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Sparrow Fund Management, LP v. MiMedx Group, Inc. et al.*, No. 1:18-cv-04921-PGG-KHP

Dear Judge Gardephe:

    I represent Defendant Parker H. Petit in S*parrow Fund Management, LP v. MiMedx Group, Inc. et al.*, No. 1:18-cv-04921-PGG-KHP. I am writing with respect to a letter dated February 22, 2019 that counsel for Plaintiff Sparrow Fund Management, LP filed with the Court. Dkt. No. 103.

    On December 14, 2018, Magistrate Judge Parker issued a Report and Recommendation recommending that Mr. Petit, a resident of Georgia, be dismissed from this action for lack of personal jurisdiction and that Plaintiff's request for jurisdictional discovery be denied. Dkt. No. 84 at 23 & n.4. Plaintiff objected, and the Magistrate Judge's recommendations are pending before the Court. In its letter, Plaintiff now for the first time asks that, if the Court is inclined to approve the Report and Recommendation and dismiss Mr. Petit, the Court should instead sever the claims against Mr. Petit and transfer them to another jurisdiction. Plaintiff also again asks the Court to permit it to conduct jurisdictional discovery.

    The Court should decline to consider Plaintiff's counsel's letter. It is in reality an improper reply brief in support of its objection to the recommendation that Mr. Petit be dismissed and that jurisdictional discovery be denied. *See Forsberg v. Always Consulting, Inc.*, No. 06-CV-13488 (CS), 2008 WL 5449003, at *4 (S.D.N.Y. Dec. 31, 2008) (refusing to consider a reply brief "[g]iven that Federal Rule of Civil Procedure 72(b)(2) does not provide for a reply to a party's response to another part's objections").

    Further, jurisdictional discovery to determine whether personal jurisdiction over Mr. Petit exists in Georgia is not warranted. The Magistrate Judge already rejected Plaintiffs' request for jurisdictional discovery. Dkt. No. 84 at 23 n.4. And Plaintiff itself has alleged that Mr. Petit is a resident of Georgia. Compl., Doc. 6 ¶ 3.

    If Plaintiff wanted to sever the claims against Mr. Petit and transfer those claims, it should have had a pre-motion conference with all parties and made a timely motion long ago. *See*

# ROGERS & HARDIN

Honorable Judge Paul G. Gardephe
March 1, 2019
Page 2

Individual Rules of Practice of Judge Paul G. Gardephe Part IV.A (listing a "motion to transfer" as among the motions requiring pre-motion conference); Local Civil Rule 7.1(a)(1)–(2); *see also* Local Civil Rule 7.1(d) (permitting letter motions only for "extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters"). Plaintiff also should have raised the issue in its objection to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to.*" (emphasis added)). It did neither of these things. Mr. Petit objects to Plaintiff's counsel's strategic attempt to re-write the rules now that it perceives that its claims against Mr. Petit are likely to be dismissed from this action.

In all events, there exist reasons why severance and transfer of claims against Mr. Petit would not be in the interest of justice. *See, e.g.*, *Wohlbach v. Ziady*, No. 17 CIV. 5790 (ER), 2018 WL 3611928, at *5 (S.D.N.Y. July 27, 2018) (rejecting a plaintiff's motion for § 1406 transfer because of the plaintiff's lack of diligence in determining a proper venue before filing suit). Those reasons would have been briefed if Plaintiff had followed the rules. As it stands, however, the only issues related to Mr. Petit that are properly before the Court are Mr. Petit's motions to dismiss under Rules 12(b)(2) and 12(b)(6). Dkt. Nos. 44, 46. And those motions provide grounds for dismissing this case against Mr. Petit for lack of jurisdiction and for failure to state a claim.

Respectfully yours,

/Dan F. Laney/

DFL
cc: All counsel of record through CM/ECF