

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

April 4, 2019

**Via ECF**
Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10005

      Re:    <u>Sparrow Fund Management LP v. MiMedx Group, Inc. et ano.</u>
                 <u>18 Civ. 04921 (PGG)(KHP)</u>

Dear Judge Parker:

I am new counsel for defendant MiMedx Group, Inc. ("MiMedx") in this matter. I submit this letter motion concerning a discovery dispute as to which we seek the Court's assistance. I met and conferred by phone with Adam Heder, about this today and we were unable to resolve the dispute without judicial intervention.

On March 1, 2019, the Court set a discovery schedule, and I understand permitted discovery only as to Plaintiff's claims for relief which had not been recommended for dismissal by Your Honor's Report and Recommendation (DE 108). Subsequently, Plaintiff served my client with interrogatories and a document request, and also served a flurry of non-party subpoenas including subpoenas to law firms which have acted for MiMedx. We had not yet issued any discovery demands. Before we were able to do so, on March 31, 2019, Judge Gardephe issued his decision dismissing the entire Complaint with leave to move to replead (DE 112). Under the circumstances, this action is effectively dismissed with the possibility that it will be restored if Plaintiff's anticipated motion for leave to replead is granted. MiMedx submits that, with no certainty that there is a case at all, and no operative pleading, it is impossible to proceed with discovery. We cannot determine what claims are being asserted or determine with certainty what documents or information would be relevant. It would be an undue burden to require MiMedx to proceed with the expense of discovery in what is now at best a hypothetical case.

Accordingly, we request that the Court enter an order directing that no discovery shall proceed unless and until the Court grants Plaintiff's anticipated motion for leave to amend. In that regard, we request that the Court direct Plaintiff's counsel to notify the non-parties upon whom subpoenas have been served that the subpoenas are withdrawn without prejudice. We request further that all of the discovery deadlines set forth in DE 108 be cancelled.

---

Honorable Katherine H. Parker
April 4, 2019
Page 2


As stated above, Plaintiff's counsel takes the position that discovery should proceed and therefore they did not consent to my proposal.

We are available at the Court's convenience for a conference to discuss this matter.

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     All counsel of record (via ECF)