**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPARROW FUND MANAGEMENT, LP,<br><br>Plaintiff,<br><br>v.<br><br>MIMEDX GROUP, INC., PARKER H. "PETE" PETIT and JOHN DOES 1-10,<br><br>Defendants. | Civil Case No.: 1:18-cv-04921-PGG-KHP |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

**BRESSLER, AMERY & ROSS, P.C.**
Nikolas S. Komyati, NYB #4298188
nkomyati@bressler.com
Bressler, Amery & Ross, P.C.
17 State Street
New York, NY 10004
Tel: 212-425-9300
Fax: 212-425-9337

**HARRIS BERNE CHRISTENSEN LLP**
Adam S. Heder, CSB #270946, OSB #151144
adamh@hbclawyers.com
Harris Berne Christensen LLP
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
Tel: 503-968-1475
Fax: 503-968-2003
*Admitted pro hac vice*

*Counsel for Plaintiff Sparrow Fund*
*Management, LP*

**I.      INTRODUCTION**

Pursuant to this Court's Order, dated March 31, 2019, and Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Sparrow Fund Management, LP ("Sparrow") respectfully submits this brief in support of its motion for leave to file a First Amended Complaint ("FAC"). Sparrow filed the original complaint in this matter on June 4, 2018. Thereafter, Defendants moved to dismiss under Rule 12(b) of the Rules of Civil Procedure. The magistrate judge assigned to the case, Judge Katharine H. Parker, recommended granting the motion to dismiss in part and denying it in part. She recommended giving Plaintiff leave to amend. Following her Report and Recommendations, Plaintiff and Defendants both filed objections to that Report with Judge Paul G. Gardephe. On March 31, 2019, Judge Gardephe filed his Order, adopting Judge Parker's Report in part, while also rejecting that portion of it ruling Sparrow's claims actionable. He dismissed the complaint in its entirety. But, and most importantly, he granted Sparrow leave to amend, stating specifically that "Defendants have not pointed to any compelling reason why leave to amend should be denied," and that "it is not clear that any amendment would be futile." The Court stated, "leave is granted to move to amend."

Consistent with that Order, Sparrow submits its proposed FAC, attached hereto as Exhibit 1 and respectfully requests the Court allow filing of that Complaint.

**II.     ARGUMENT**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a complaint "when justice so requires." That permissive standard for granting leave to amend promotes a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks and citations omitted). Under that standard, leave to amend "should ordinarily be granted," and "it is rare that such leave should

1

be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Leave to amend can be denied only "upon a showing of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.'" *Twahir v. Vill. Care of New York, Inc.*, No. 10 CIV. 9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court has already stated it does not believe any amendment would be futile and that it sees no compelling reason to not grant a motion for leave to amend. And Sparrow has not previously amended. Further, there would be absolutely no prejudice to Defendants. They have not yet answered the allegations (and thus the case is not yet at issue), and so any amendments would not hamper Defendants' ability to defend against the allegations, conduct adequate discovery into them, or otherwise prepare an adequate defense to them. Sparrow has added no additional parties and has added only one claim, the claim for malicious prosecution (while withdrawing another, the claim for civil conspiracy). There is no dispute Sparrow could bring the claim for malicious prosecution in a separately filed complaint, which would not be subject to attack on a "motion for leave to amend," and thus there is no ground for Defendants to oppose the addition of the new claim now in this context. It is neither untimely nor prejudicial to add in the current lawsuit. Indeed, in the interests of judicial economy, it makes sense.

Nor can Defendants argue Sparrow has any manner of bad faith in seeking to amend its complaint now. Again, both the Magistrate Judge and the District Judge found reason to grant leave to amend and that there was no reason to deviate from the liberal standard for granting leave to amend. Sparrow is clearly not proposing this amendment now for some strategic purpose, but

2

rather in response to the Court's order and as a result of its claim for malicious prosecution ripening.

And finally, the proposed amendment is not futile. The Court has found Sparrow's allegations do not rise to the level of defamation, identifying deficiencies in the pleadings. But Sparrow, as shown by the attached proposed FAC, has pleaded additional consistent facts that address and correct those deficiencies, while also adding a claim for malicious prosecution. At the time of filing the original complaint, the claim for malicious prosecution was not yet ripe, as such claims require a dismissal of the maliciously prosecuted action before the claim can be filed. The Court dismissed the claims at the center of Sparrow's malicious prosecution claim *after* the original complaint was filed.  Thus, the parties have not even briefed (assuming Defendants intend to do so) and the Court has not even considered Plaintiff's malicious prosecution claim, thereby defeating any suggestion that the amendments are futile.

### III.   CONCLUSION

Sparrow respectfully requests the Court grant it leave to amend and allow the attached Exhibit to be filed as the First Amended Complaint in this matter.

Dated: April 15, 2019.

            Respectfully submitted,

            **BRESSLER, AMERY & ROSS, P.C.**
            /s/ Nikolas S. Komyati
            Nikolas S. Komyati, NYB #4298188
            nkomyati@bressler.com
            Bressler, Amery & Ross, P.C.
            17 State Street
            New York, NY 10004
            Tel: 212-425-9300 | Fax: 212-425-9337

            **HARRIS BERNE CHRISTENSEN LLP**
            /s/ Adam S. Heder
            Adam S. Heder, CSB #270946, OSB #151144
            adamh@hbclawyers.com

>Harris Berne Christensen LLP
>15350 SW Sequoia Pkwy, Suite 250
>Portland, OR 97224
>Tel: 503-968-1475 | Fax: 503-968-2003
>*Admitted pro hac vice*
>
>*Counsel for Plaintiff Sparrow Fund Management, LP*