# ROGERS & HARDIN

Dan F. Laney
Direct: 404.420.4624
Direct Fax: 404.230.0951
Email: dlaney@rh-law.com

June 14, 2019

**VIA CM/ECF**

Honorable Katherine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10005

      Re:    *Sparrow Fund Management, LP v. MiMedx Group, Inc., et al.*
              *Case No. 1:18-cv-04921 (PGG) (KHP)*

Dear Judge Parker,

      On behalf of Defendant Parker H. ("Pete") Petit, I write in response to Plaintiff's supplemental filing. *See* ECF No. 135. Mr. Petit disputes the inaccurate "findings" of MiMedx's Audit Committee as stated in the Company's Form 8-K. But that dispute is not material to Sparrow's motion for leave to amend its complaint against the Company and Mr. Petit to assert defamation and malicious prosecution claims.

      To bring suit against Mr. Petit in New York, Sparrow must demonstrate that this Court has personal jurisdiction over him. This Court and the District Court previously determined that there is no personal jurisdiction over Mr. Petit. The Form 8-K provides no reason to suggest that ruling was incorrect. The Form 8-K does not concern any of the public statements allegedly made by Mr. Petit regarding Sparrow or short sellers. Nor does it discuss the Company's decision to bring suit against Sparrow. By way of example, nowhere do the words "short seller", "Aurelius Value", "Sparrow", or "New York" appear in the 8-K. Indeed, Sparrow's supplemental filing does not argue that any of the "findings" in the 8-K support personal jurisdiction over Mr. Petit.

      Moreover, the Form 8-K does not, of course, change Sparrow's allegation that its reputation was allegedly harmed by the filing of *Sparrow I* and other statements. That central allegation means that personal jurisdiction for ***both*** the defamation claim ***and*** the malicious prosecution claim must be assessed under the strict long-arm statute for defamation. *See Senese v. Hindle*, 11-CV-0072 RJD, 2011 WL 4536955, at *10 (E.D.N.Y. Sept. 9, 2011) (holding that the plaintiff could not circumvent the long-arm statute's defamation requirements because "the gravamen of [the] case [was] plaintiff's contention that defendant defamed him[.]"), *report and recommendation adopted*, 11-CV-72 RJD RLM, 2011 WL 4529359 (E.D.N.Y. Sept. 28, 2011). As this Court already found, Sparrow cannot meet that burden.

# ROGERS & HARDIN

Honorable Katherine H. Parker
June 14, 2019
Page 2

    Neither does the Form 8-K support the merits of Sparrow's proposed defamation and malicious prosecutions claims because the 8-K does not discuss the reasons MiMedx's decided to file suit against Sparrow. According to the 8-K, the Audit Committee's investigation concerned four subjects: "(1) the Company's revenue recognition practices; (2) revenue management activities; (3) actions taken against whistleblowers; (4) tone set by senior management; and (5) Anti-Kickback Statute and related allegations." ECF No. 135 at 2. None of these subjects involve action by management toward short sellers or bloggers. Even when discussing actions taken against whistleblowers, the 8-K makes clear that the Audit Committee's "findings" are limited to alleged "action against *employees* who raised concerns about the Company's practice." *Id.* at 8 (emphasis added). The 8-K says nothing about alleged misconduct by management related to short sellers in general or Sparrow in particular.

    Thus, Sparrow's recent supplemental submission does not support the filing of its proposed amended complaint.

Respectfully yours,

Dan F. Laney

DFL/clf
cc:    Counsel of Record (via cm/ecf)