UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPARROW FUND MANAGEMENT LP,

                    Plaintiff,

          - v -

MIMEDX GROUP, INC., PARKER H.
PETIT, and JOHN DOES 1-10

                    Defendants.

**ORDER**

18 Civ. 4921 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

          Plaintiff Sparrow Fund Management, LP ("Sparrow") brings this action against

Defendants MiMedx Group, Inc. ("MiMedx"), Parker H. Petit, and John Does.  Sparrow alleges

that Defendants made false and defamatory statements about Sparrow in connection with an

earlier action brought by MiMedx against Sparrow.  Sparrow contends that that action constitutes

a malicious prosecution.

          Defendants MiMedx and Petit moved to dismiss the Complaint, and on March 31,

2019, this Court granted Defendants' motions to dismiss, with leave to move to amend.  (March

31, 2019 Order (Dkt. No. 112) at 24)[1]

          On April 15, 2019, Plaintiff moved for leave to amend the Complaint.  (Dkt. No.

116)  Judge Parker addressed that motion in a thorough 38-page Report and Recommendtion

("R&R") recommending that Sparrow's motion be granted to the extent it seeks to assert a

malicious prosecution claim and a defamation claim premised on three allegedly defamatory

statements.  Judge Parker recommends that Sparrow's motion otherwise be denied.  (Dkt. No.

---

[1]  All references to page numbers in this Order are as reflected in this District's Electronic Case
Files ("ECF") system.

140)  Both Plaintiff and Defendants have filed timely objections to the R&R.  (Dkt. Nos. 141,

143, 145, 148, 149, 150)

     For the reasons discussed below, the parties' objections will be overruled, and this

Court will adopt Judge Parker's R&R in its entirety.

## BACKGROUND[2]

## I.    THE MIMEDX ACTION

     Plaintiff Sparrow is a New York-based hedge fund.  (Cmplt. (Dkt. No. 6) ¶ 1)

Defendant MiMedx is a biopharmaceutical company with its principal place of business in

Georgia.  (Id. ¶ 2)  Defendant Petit is the Chairman and Chief Executive Officer of MiMedx.

(Id. ¶ 3)  John Does 1-10 are anonymous Twitter users.  (Id. ¶ 4)

     The instant action arises out of an earlier lawsuit brought by MiMedx against

Sparrow (the "MiMedx Lawsuit").  See MiMedx Grp., Inc. et al. v. Sparrow Fund Mgmt. LLP et

al., 17 Civ. 7568 (PGG) (KHP) (S.D.N.Y. 2017).  Judge Parker summarized the MiMedx Action

as follows:

> The MiMedx [Lawsuit] was commenced on October 4, 2017 against Sparrow,
> Viceroy Research, and BR Dialectic Capital Management LLC and its principal
> John Fichthorn for defamation and related torts.  [(MiMedx Grp. Dkt. No. 1)]
> The gravamen of the allegations in [the MiMedx Lawsuit] was that Sparrow or
> one of its principals (Nathan Koppikar), using the pseudonym Aurelius Value,
> defamed MiMedx in blog posts and tweets with the aim of harming market
> confidence in MiMedx and bettering Sparrow's short positions in MiMedx stock.
> Sparrow denied that it was Aurelius Value and argued to this Court that MiMedx
> had publicly recognized that it did not know who was behind Aurelius Value.
> [(MiMedx Grp. Dkt. Nos. 55, 56)]  Sparrow moved to dismiss the complaint in
> the MiMedx [Lawsuit].  It also moved for sanctions against MiMedx under Rule

---

[2]  The background for this litigation has been discussed in detail in prior opinions and orders, and familiarity with the Court's prior decisions is assumed.  See Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc., 2019 WL 1434719 (S.D.N.Y. Mar. 31, 2019); Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc., 2018 WL 8545604 (S.D.N.Y. Dec. 14, 2018), adopted in part by 2019 WL 1434719 (S.D.N.Y. Mar. 31, 2019); see also MiMedx Grp., Inc. v. Sparrow Fund Mgmt. LP, 17 Civ. 7568 (PGG), 2018 WL 4735717 (S.D.N.Y. Sept. 29, 2018).

11 of the Federal Rules of Civil Procedure. The Court granted Sparrow's motion to dismiss but denied its motion for sanctions. See <u>MiMedx Grp., Inc. v. Sparrow Fund Mgmt. LP</u>, 17 Civ. 7568 (PGG) (KHP), 2018 WL 847014 (Jan. 12, 2018), <u>adopted by</u> 2018 WL 4735717 (Sept. 29, 2018). The MiMedx [Lawsuit] was subsequently terminated in its entirety after MiMedx elected not to file an amended complaint. [(<u>MiMedx Grp.</u> Nos. 116, 117)]

(December 14, 2018 R&R (Dkt. No. 84) at 2-3)

## II. SPARROW'S LAWSUIT, DEFENDANTS' MOTION TO DISMISS, AND THE PROPOSED AMENDED COMPLAINT

On June 5, 2018 – during the pendency of the MiMedx Lawsuit – Sparrow filed the Complaint, which alleges claims for defamation <u>per se</u> and civil conspiracy. (Cmplt. (Dkt. No. 6) ¶¶ 47-64) On March 31, 2019, this Court granted Defendants' motion to dismiss, finding that (1) the defamation claim fails because the alleged defamatory statements either are not "of or concerning" Plaintiff or are subject to immunity; and (2) the civil conspiracy claim fails because the underlying tort of defamation is not sufficiently pled. (March 31, 2019 Order (Dkt. No. 112) at 14, 18, 20, 21) This Court also granted Defendant Petit's motion to dismiss for lack of personal jurisdiction. (<u>Id.</u> at 22)

On April 15, 2019, Plaintiff moved for leave to amend the Complaint. (Dkt. No. 116) The proposed Amended Complaint ("PAC") – like the Complaint – is premised on the notion that there was no factual basis for the MiMedx Lawsuit.

Sparrow contends that (1) it is not responsible for the Aurelius postings; (2) it has no relationship with Aurelius; and (3) MiMedx had no factual basis to accuse Sparrow of being Aurelius or of manipulating the market for MiMedx stock. (PAC (Dkt. No. 117-1) at 1) Indeed, Sparrow contends that MiMedx "knew full well Sparrow is <u>not</u> Aurelius," but sued Sparrow because it believed that – as a result of the lawsuit – MiMedx "could coerce the identity of Aurelius from Sparrow." (<u>Id.</u> (emphasis in original))

The PAC pleads two causes of action: defamation per se and a newly added claim for malicious prosecution. (Id. ¶ 28) As to the defamation claim, the PAC – like the Complaint – alleges that MiMedx/Petit made twelve defamatory statements concerning Sparrow. (See id. ¶¶ 58-68; Cmplt. (Dkt. No. 6) ¶¶ 17-27). The only material change in Sparrow's defamation claim is the allegation that "MiMedx is not entitled to any privilege because the MiMedx Lawsuit itself was a sham lawsuit filed for improper purposes and to defame Sparrow." (PAC (Dkt. No. 117-1) ¶ 109)

In support of its malicious prosecution claim, Sparrow asserts that MiMedx was aware – at the time it filed the MiMedx Lawsuit – of Aurelius' IP address, and that it was associated with "Minneapolis, Minnesota, a location hundreds of miles away from the location of any Sparrow principal." (PAC (Dkt. No. 117-1) ¶¶ 30, 34) MiMedx nonetheless filed suit against Sparrow, knowing that Aurelius' IP address could not be traced to Sparrow. (Id. ¶¶ 35-36) According to Sparrow, "the sole purpose of the MiMedx Lawsuit was to defame Sparrow." (Id. ¶ 89) "MiMedx specifically targeted Sparrow, not because it believed Sparrow is Aurelius[,] . . . but because it believed it could, through the threat of defamation and harassment, coerce from Sparrow Aurelius' identity." (Id. ¶ 42)

In 2017, prior to the MiMedx Lawsuit, Sparrow generated more than $5 million in revenue. Sparrow claims that as a result of the MiMedx Lawsuit, its revenues decreased by 60% in 2018, and it has not been able to attract additional investment capital. (Id. ¶¶ 95-96)

## III. JUDGE PARKER'S REPORT & RECOMMENDATION

In her 38-page R&R, Judge Parker recommends granting in part and denying in part Sparrow's motion to amend. (R&R (Dkt. No. 140) at 38) Judge Parker finds that Sparrow has sufficiently pled the elements of a malicious prosecution claim against MiMedx (id. at 19), and further concludes that alleged defamatory Statements 1 through 3 of Sparrow's defamation

claim – which are premised on statements made in the complaint MiMedx filed in the MiMedx Lawsuit – can survive a motion to dismiss, because (1) these statements are "of and concerning" Sparrow; and (2) Sparrow has pled facts demonstrating that the MiMedx Lawsuit was a "sham lawsuit." (Id. at 26-29) Judge Parker further finds that the remaining alleged defamatory statements cannot survive a motion to dismiss, because they are not "of or concerning" Sparrow. (Id. at 29-30)

As to Defendant Petit, Judge Parker concludes that Plaintiff has still not shown that this Court has personal jurisdiction over him, and recommends that leave to amend be denied as to Sparrow's claims against him. (Id. at 36-38)

## IV.    THE PARTIES' OBJECTIONS

Both sides have filed objections to Judge Parker's R&R.

Defendants object to Judge Parker's recommendation concerning Sparrow's malicious prosecution claim, arguing that the PAC does not plead facts demonstrating probable cause, actual malice, or special injury. (Def. Obj. (Dkt. No. 141) at 13-25) As to Statements 1-3 of Sparrow's defamation claim, Defendants contend that these statements are subject to qualified immunity. (Id. at 25-31)

Plaintiff objects to Judge Parker's finding that Statement 7 is not "of and concerning" Sparrow. (Pltf. Obj. (Dkt. No. 143) at 11-13) Plaintiff also objects to Judge Parker's recommendation that the action be dismissed as to Defendant Petit for lack of personal jurisdiction, arguing that Petit's actions underlying the malicious prosecution claim are sufficient to support the exercise of personal jurisdiction. (Id. at 4-9) In the alternative, Plaintiff argues that the action against Petit should be transferred to the Northern District of Georgia, or that jurisdictional discovery should be permitted. (Id. at 9-11)

**DISCUSSION**

I.      **STANDARD OF REVIEW**

A district court reviewing a magistrate judge's report and recommendation "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a

magistrate judge's recommendation, the district court judge "shall make a <u>de novo</u> determination

of those portions of the report or specified proposed findings or recommendations to which

objection is made." <u>Id.</u> However, "[o]bjections that are 'merely perfunctory responses argued in

an attempt to engage the district court in a rehashing of the same arguments set forth in the

original [papers] will not suffice to invoke <u>de novo</u> review.'" <u>Phillips v. Reed Grp., Ltd.</u>, 955 F.

Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting <u>Vega v. Artuz</u>, 2002 WL 31174466, at *1

(S.D.N.Y. Sept. 30, 2002)) (alteration in <u>Phillips</u>). "To the extent . . . that the party . . . simply

reiterates the original arguments, [courts] will review the Report strictly for clear error."

<u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, 07 Civ. 6865 (LTS), 2008 WL 4810043,

at *1 (S.D.N.Y. Nov. 3, 2008) (citing <u>Pearson-Fraser v. Bell Atl.</u>, No. 01 Civ. 2343(WK), 2003

WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); <u>Camardo v. Gen. Motors Hourly-Rate Employees</u>

<u>Pension Plan</u>, 806 F.Supp. 380, 382 (W.D.N.Y.1992)); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d

444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for

clear error where objections are 'merely perfunctory responses,' . . . 'rehashing . . . the same

arguments set forth in the original petition.'") (citing <u>Vega</u>, 2002 WL 31174466, at *1; <u>Greene v.</u>

<u>WCI Holdings</u>, 956 F.Supp. 509, 513 (S.D.N.Y. 1997)).

For portions of the R&R to which no timely objection is made, this Court's

review is limited to a consideration of whether there is any "'clear error on the face of the

record'" that precludes acceptance of the recommendations. <u>Wingate v. Bloomberg, 2011 WL</u>

5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

## II.   ANALYSIS

### A.   Malicious Prosecution Claim

Judge Parker recommends that Sparrow should be granted leave to amend to add its proposed malicious prosecution claim.  (R&R (Dkt. No. 140) at 19)

#### 1.   Legal Standards

To prevail on a malicious prosecution claim, a plaintiff must prove each of the following elements:  "'(1) the commencement or continuation of a . . . proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of [plaintiff], (3) the absence of probable cause for the . . . proceeding and (4) actual malice.'"  Facebook, Inc. v. DLA Piper LLP (US), 134 A.D.3d 610, 613 (1st Dept. 2015) (quoting Broughton v. State, 37 N.Y.2d 451, 457 (1975).[3]  Plaintiff must also prove "special injury."  Engel v. CBS, Inc., 93 N.Y.2d 195, 201 (1999).

#### 2.   Analysis

Judge Parker found that Sparrow had adequately pled each element of a malicious prosecution claim.  (R&R (Dkt. No. 140) at 10-19)  In its objections, Defendant MiMedx argues

---

[3]  "The parties' briefs assume that New York law controls, and such 'implied consent . . . is sufficient to establish choice of law.'"  Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) (citing Tehran-Berkeley Civil & Env't Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989)); see Def. Opp. Br. (Dkt. No. 121) at 14-15; Pltf. Reply Br. (Dkt. No. 127) at 22.

that Sparrow has not adequately pled (1) the absence of probable cause for the MiMedx Lawsuit; (2) actual malice; and (3) special injury.  (MiMedx Obj. (Dkt. No. 141) at 14, 21, 22)

MiMedx's objections mirror its arguments before Judge Parker, in which it argued that Sparrow's malicious prosecution claim is futile.  (Compare MiMedx Obj. (Dkt. No. 141) at 13-24 with MiMedx Opp. Br. (Dkt. No. 121) at 21-29)  To the extent that MiMedx "rehash[es] . . . the same arguments set forth in [its opposition brief]" (see Vega, 2002 WL 31174466, at *1), this Court reviews the R&R only for clear error.  Indymac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

### a.      Probable Cause

Judge Parker found that Sparrow has sufficiently alleged a lack of probable cause for the MiMedx Lawsuit.  Judge Parker notes that "MiMedx's Complaint was devoid of any facts linking Sparrow to Aurelius, [which] creates an issue of fact with respect to whether the Aurelius Investigation [described by MiMedx actually] took place."  (R&R (Dkt. No. 140) at 16)

MiMedx argues that the PAC "fatally undermines its claim that MiMedx lacked probable cause to commence the MiMedx [Lawsuit]," because Sparrow acknowledges that "MiMedx proffered evidence by way of its attorney's declaration as to the investigation undertaken pre-suit that led MiMedx to conclude Aurelis Value was one of Sparrow's principals."  (MiMedx Obj. (Dkt. No. 141) at 14)  Repeating in haec verba the language used in its opposition brief (compare MiMedx Obj. (Dkt. No. 141) at 13-14 with MiMedx Opp. Br. (Dkt. No. 121) at 22), MiMedx argues that the Declaration of David M. Pernini (Dkt. No. 72) – its attorney in the MiMedx Lawsuit – is sufficient to demonstrate that MiMedx had a "reasonable basis for a potential claim before filing suit." (MiMedx Obj. (Dkt No. 141) at 14; see MiMedx Opp. Br. (Dkt. No. 121) at 22)  MiMedx also argues that Judge Parker's misconstrues Parkin v.

Cornell Univ., 78 N.Y.2d 523 (1991); Faulkner v. Beer, 463 F.3d 130 (2d Cir. 2006); and

Facebook, Inc. v. DLA Piper LLP (US), 134 A.D.3d 610 (1st Dep't 2015).  Because MiMedx

made these same arguments about the Pernini Declaration and the case law to Judge Parker, this

Court reviews her findings for clear error.  Indymac Bank, F.S.B., 2008 WL 4810043, at *1;

Ortiz, 558 F. Supp. 2d at 451.

   As to the Pernini Declaration, Judge Parker concluded that – while she could take

judicial notice of it – she could not "as MiMedx suggests, rely on the Declaration to conclude

that the Aurelius Investigation actually took place[,] because the parties dispute the veracity of

the Declaration."  (R&R (Dkt. No. 140) at 14)  Citing Faulkner v. Beer, 463 F.3d 130 (2d Cir.

2006), Judge Parker notes that "even where a document is integral to the complaint, that

document cannot form the basis for dismissal under Rule 12(b)(6) if a dispute exists regarding

the authenticity or accuracy of the document."[4]  (Id. (citing Faulkner, 463 F.3d at 134))

   MiMedx contends that Judge Parker's "reliance on Faulkner . . . was misplaced,"

because MiMedx is only "asking the Court to accept the unremarkable fact that a declaration

which demonstrates that an investigation took place is sufficiently trustworthy indicia that the

investigation actually was carried out to rebut an unspecific, speculative allegation. . . ."

(MiMedx Obj. (Dkt. No. 141) at 16)  MiMedx goes on to assert that "Sparrow [has] failed to

satisfy its heavy burden to prove that this probable cause was insufficient."  (Id.)

   The alleged "heavy burden" cited by MiMedx does not exist in the law, however.

Instead, Sparrow is merely required to demonstrate that MiMedx's complaint does not contain

sufficient facts which, if taken as true, state claims that are plausible on their face.  See Ashcroft

---

[4]  The Pernini Declaration is referenced in the PAC.  See PAC (Dkt. No. 117-1) at ¶¶ 49-50.

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))

This Court concludes that Judge Parker correctly relied on Faulkner in finding that the Pernini Declaration is insufficient to prove the existence of the Aurelius Investigation, as clearly "a dispute exists regarding the . . . accuracy of" the Pernini Declaration. See Faulkner, 463 F.3d at 134.

Judge Parker's reliance on Parkin v. Cornell Univ., 78 N.Y.2d 523 (1991) and Facebook, Inc. v. DLA Piper LLP (US), 134 A.D.3d 610 (1st Dept. 2015) was also proper. Acknowledging that Parkin states that "the issue of probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn from such facts," Parkin, 78 N.Y.2d 523, 529 (1991), MiMedx contends that there is "no real dispute here [as to the facts], solely a feigned dispute." (MiMedx Obj. (Dkt. No. 141) at 15) But as noted above, there is a factual dispute as to whether the Aurelius Investigation described by Pernini was actually performed. Accordingly, the issue of probable cause cannot be resolved as a matter of law at this stage of the proceedings.

Finally, this Court sees no error in Judge Parker's application of Facebook. In Facebook, there was no dispute as to whether the investigation at issue had been performed. Facebook, 134 A.D.3d at 614. Here, by contrast, there is a factual dispute as to the veracity of the Pernini Declaration and, by extension, whether MiMedx performed any investigation prior to filing suit against Sparrow. (R&R (Dkt. No. 140) at 17)

There is no clear error in Judge Parker's finding that the probable cause element of Sparrow's malicious prosecution claim is adequately pled.

b. **Actual Malice**

Judge Parker found that actual malice is likewise adequately pled, because "Sparrow alleges that MiMedx maintained the Underlying Action in order to extract Aurelius's identity from Sparrow and refused to dismiss the Action unless Sparrow submitted affidavits attesting that none of its princip[als] know who Aurelius is." (R&R (Dkt. No. 140) at 18) MiMedx objects to this finding, rehashing the same arguments it made to Judge Parker. (Compare MiMedx Obj. (Dkt. No. 141) at 21-22 with MiMedx Opp. Br. (Dkt. No. 121) at 25) Because MiMedx "rehash[es] . . . the same arguments set forth in [its opposition brief]" (see Vega, 2002 WL 31174466, at *1), this Court reviews Judge Parker's findings on this point for clear error. Indymac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

MiMedx argues that Judge Parker erred in relying on Pinsky v. Duncan, 79 F.3d 306 (2d Cir. 1996) for the definition of malice in connection with a claim of wrongful prosecution, because Pinsky addresses a due process claim. (MiMedx. Obj. (Dkt. No. 141) at 21) However, the language that Judge Parker cites from Pinsky addresses malice in the context of a malicious prosecution claim. (R&R (Dkt. No. 140) at 12 (quoting Pinsky, 79 F.3d at 313 (quoting 52 Am. Jur. 2d, Malicious Prosecution § 152, at 277-78 (1970)))) This Court finds no error in Judge Parker's reliance on this case.

There is no clear error in Judge Parker's finding that Sparrow has adequately pled the actual malice element of a malicious prosecution claim.

c. **Special Injury**

Judge Parker found that "Sparrow's allegation that the [MiMedx Lawsuit] caused it to lose business is sufficient to plead special injury." (R&R (Dkt. No. 140) at 18) In challenging that determination, MiMedx again rehashes arguments previously made to Judge

Parker.  (Compare MiMedx Obj. (Dkt. No. 141) at 22-24 with MiMedx Opp. Br. (Dkt. No. 121) at 26-28)  Because MiMedx "rehash[es] . . . the same arguments set forth in [its opposition brief]" (see Vega, 2002 WL 31174466, at *1), this Court reviews this portion of the R&R for clear error.  Indymac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

In order to adequately plead special injury, Sparrow must allege a "highly substantial and identifiable interference with person, property, or business" that includes "some concrete harm that is considerably more cumbersome than the physical, psychological or financial demands of defending a lawsuit." Dudick v. Gulyas, 277 A.D.2d 686, 686 (3rd Dept. 2000).  In concluding that Sparrow has adequately pled special injury, Judge Parker cites Sparrow's allegations that, as a result of the MiMedx Lawsuit, it has lost 60 percent of its annual revenue as well as its ability to attract new investors.  (R&R (Dkt. No. 140) at 18)

Judge Parker also distinguishes cases cited by MiMedx in its opposition brief (and in its objections).  (Id. at 19)  For example, Judge Parker explains that Korova Milk Bar v. PRE Properties is distinguishable because in that case plaintiff "failed to allege that the eviction proceeding caused it to shut down and only made the general allegation that the proceeding interfered with its lease and, thus, its business."  (Id. (quoting Korova Milk Bar of White Plains, Inc. v. PRE Properties, LLC, No. 11 Civ. 3327(ER), 2013 WL 417406, at *15 (S.D.N.Y. Feb. 4 2013))  Here, by contrast, Sparrow alleges a specific causal relationship between the MiMedx Lawsuit and its revenue losses and difficulty in raising capital.  (Id. at 18)

Special injury is adequately pled.

### d.    *Noerr-Pennington* **Doctrine**

Judge Parker rejects MiMedx's invocation of the Noerr-Pennington doctrine, because "this doctrine typically only applies to anti-trust cases and pertains to the First

Amendment's guarantee of the right to petition the government." "[I]t cannot be used as a defense to a 'sham' litigation." (R&R (Dkt. No. 140) at 19 n.2 (citing <u>T.F.T.F. Capital Corp. v. Marcus Dairy, Inc.</u>, 312 F.3d 90, 93 (2d Cir. 2002))) MiMedx objects to this finding, rehashing the arguments it made to Judge Parker. (<u>Compare</u> MiMedx Obj. (Dkt. No. 141) at 24-25 <u>with</u> MiMedx Opp. Br. (Dkt. No. 121) at 28-29) Because MiMedx "rehash[es] . . . the same arguments set forth in [its opposition brief]" (<u>see</u> <u>Vega</u>, 2002 WL 31174466, at *1), this Court reviews this aspect of the R&R only for clear error. <u>Indymac Bank, F.S.B.</u>, 2008 WL 4810043, at *1; <u>Ortiz</u>, 558 F. Supp. 2d at 451.

MiMedx argues that "[i]t is appropriate to apply the [<u>Noerr-Pennington</u>] doctrine to bar the instant malicious prosecution claim because it is predicated entirely on MiMedx's petitioning of the government via the MiMedx [Lawsuit]." (<u>Id.</u> at 25) Although MiMedx asserts that "<u>T.F.T.F. Capital Corp. v. Marcus</u>, 312 F.3d 90 (2d Cir. 2002), is on point" (<u>id.</u>), that case explicitly provides – as Judge Parker points out – that there is "an exception to the <u>Noerr-Pennington</u> doctrine for 'sham' litigation." (R&R (Dkt. No. 140) at 19 n.2 (citing <u>T.F.T.F. Capital Corp.</u>, 312 F.3d at 93)) This Court agrees with Judge Parker that the <u>Noerr-Pennington</u> doctrine has no application here.

Plaintiff's motion for leave to amend will be granted as to its malicious prosecution claim.

**B.       Defamation Claim**

Judge Parker recommends that Sparrow's motion for leave to amend be granted as to Statements 1, 2, and 3 of its defamation claim, but otherwise denied. (<u>Id.</u> at 27-30)

### 1.  **Legal Standards**

"'To state a claim for defamation under New York law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused "special damages.""' Thai v. Cayre Grp., Ltd., 726 F. Supp. 2d 323, 329 (S.D.N.Y. 2009) (quoting Gargiulo v. Forster & Garbus Esqs., 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009) (quoting Dillon v. City of New York, 261 A.D.2d 34, 38 (1st Dept. 1999))).  "A defamation claim is 'only sufficient if it adequately identifies "the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated.""' Id. (quoting Scholastic, Inc. v. Stouffer, 124 F. Supp 2d 836, 849 (S.D.N.Y. 2000) (quoting Broome v. Biondi, No. 96 Civ. 805, 1997 WL 83295, at *2 (S.D.N.Y. Feb. 10, 1997))).

### 2.  **Statements 1, 2, and 3**

Judge Parker found that Statements 1, 2, and 3 of Sparrow's defamation claim – which are premised on statements made by MiMedx in the complaint it filed in the MiMedx Lawsuit – "cannot . . . be deemed protected by absolute or qualified privilege," because "Sparrow has sufficiently asserted a claim for malicious prosecution."  (R&R (Dkt. No. 140) at 26)  MiMedx objects to this finding, restating its arguments before Judge Parker.  (Compare MiMedx Obj. (Dkt. No. 141) at 30-31 with MiMedx Opp. Br. (Dkt. No. 121) at 19-20)  Because MiMedx "rehash[es] . . . the same arguments set forth in [its opposition brief]" (see Vega, 2002 WL 31174466, at *1), this Court reviews this portion of the R&R only for clear error.  Indymac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

As a general matter, statements made in a legal proceeding are afforded absolute immunity from defamation claims, O'Brien v. Alexander, 898 F. Supp. 162, 171 (S.D.N.Y. 1995), and statements fairly describing a legal proceeding are afforded qualified immunity from defamation claims. N.Y. Civ. Rts. Law § 74. However, statements made as part of a sham or "maliciously instituted" action, or communications about such an action, are not privileged. Williams v. Williams, 23 N.Y.2d 592, 599 (1969). Where a court finds that plaintiff has stated a claim for malicious prosecution, the sham lawsuit exception to absolute and qualified privilege applies. Thomas v. G2 FMV, LLC, 147 A.D.3d 700, 701 (1st Dept. 2017). Because Judge Parker correctly found that Sparrow has sufficiently pled the elements of a malicious prosecution claim, there is no error in her application of the sham litigation exception to Statements 1, 2, and 3 of Sparrow's defamation claim.

### 3.    Statement 7

Judge Parker concludes that Statement 7 is not "of and concerning" Sparrow. Instead, the statement is about "an unknown number of parties[,] because it generally states that MiMedx commenced multiple lawsuits." (R&R (Dkt. No. 140) at 29)

Sparrow objects to Judge Parker's recommendation that leave to amend be denied as to Statement 7, raising the same arguments that it presented to Judge Parker. (Compare Pltf. Obj. (Dkt. No. 143) at 12-13 with Pltf. Reply Br. (Dkt. No. 127) at 11-13) To the extent that Sparrow "rehash[es] . . . the same arguments set forth in [its reply brief]" (see Vega, 2002 WL 31174466, at *1), this Court reviews this portion of the R&R's only for clear error. Indymac Bank, F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.

In determining whether Statement 7 is "of and concerning" Sparrow, the Court must consider "whether, after reading the statement, the reader could think that Plaintiff was the

target of the statement." <u>Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.</u>, 2018 WL 8545604, at *6 (citing <u>Anyanwu v. Columbia Broad Sys. Inc.</u>, 887 F. Supp. 690, 692 (S.D.N.Y. 1995)). This analysis implicates the group libel doctrine, which "constrains plaintiffs from asserting defamation claims where the statement at issue is made against an indeterminate or large group . . . ." (R&R (Dkt. No. 140) at 27 (citing <u>Anyanwu</u>, 887 F. Supp. at 693)) Judge Parker found – and this Court agrees – that the references to multiple "short sellers" and "lawsuits" in Statement 7 (which were brought against multiple defendants) is not sufficient for a reader to conclude that the statements are "of and concerning" Sparrow specifically. (<u>Id.</u> at 29)

Sparrow's arguments regarding the broader context of the article in which the statements are printed – and Petit's public letter commenting on the article that contains Statement 7 – are not sufficient to demonstrate that a reader would understand that Statement 7 was "of an concerning" Sparrow specifically. (<u>See</u> Pltf. Obj. (Dkt. No. 143) at 12-13) A reader would not be able to discern that Sparrow was the referenced short seller or the specific subject of MiMedx's lawsuits based on the generalized references to "short sellers" and "certain entities" in Statement 7. The Court finds no clear error in Judge Parker's conclusions as to Statement 7.

### 4. <u>Statements 4, 5, 6, 8, 9, 10, 11, and 12</u>

Sparrow has not objected to Judge Parker's recommendation that leave to amend be denied as to Statements 4 through 6 and 8 through 12. Accordingly, Sparrow has waived review as to these findings, in which this Court sees no clear error.

To summarize, this Court will adopt Judge Parker's recommendation in its entirety as to Sparrow's proposed defamation claim. (<u>See</u> R&R (Dkt. No. 140) at 27-29)

## C.     Personal Jurisdiction Over Defendant Petit

Judge Parker recommends that leave to amend be denied as to Defendant Petit, finding that this Court lacks personal jurisdiction over him.  (R&R (Dkt. No. 140) at 36)

### 1.     Legal Standards

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss."  Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001).  Prior to discovery, a plaintiff may carry this burden "'by pleading in good faith . . . legally sufficient allegations of jurisdiction, i.e., by making a "prima facie showing" of jurisdiction.'"  Id. (quoting Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990))).  "A district court has 'broad discretion' in deciding such a motion . . . ."  Realuyo v. Villa Abrille, No. 01 Civ. 10158 (JGK), 2003 WL 21537754, at *2 (S.D.N.Y. July 8, 2003), aff'd sub nom. Realuyo v. Abrille, 93 F. App'x 297 (2d Cir. 2004) (quoting CutCo Indus. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986)).

Since Sparrow has not alleged that Petit is a resident of New York, the issue of personal jurisdiction turns on New York's long-arm statute.  That statute states:

(a)  Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

    1.  transacts any business within the state or contracts anywhere to supply goods or services in the state; or

    2.  commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

    3.  commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

       (i)  regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

      (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

C.P.L.R. § 302(a)(1)-(3).

      When evaluating personal jurisdiction under Sections 302(a)(2) and (a)(3), courts must "'look to the substance, not merely the name, of a claim in order to determine whether that claim sounds in defamation.'"  Senese v. Hindle, No. 11-CV0072 (RJD), 2011 WL 4536955, at *11 (E.D.N.Y. Sept. 9, 2011) (quoting Morsy v. Pal-Tech, Inc., No. 07 Civ. 2143(PKL), 2008 WL 3200165, at *5 (S.D.N.Y. Aug. 7, 2008)), adopted by 2011 WL 4529359 (E.D.N.Y. Sept. 28, 2011).

      **2.**     **Analysis**

      Judge Parker found that Sparrow has not demonstrated that this Court has personal jurisdiction over Petit, given that "the activities [he allegedly engaged in] either have no nexus with Sparrow's claims or sound in defamation."  (R&R (Dkt. No. 140) at 34)  Sparrow objects to this finding.  See Pltf. Obj. (Dkt. No. 143) at 4)  Before this Court, Sparrow both repeats arguments made before Judge Parker (compare Pltf. Reply Br. (Dkt. No. 127) at 13-15 with Pltf. Obj. (Dkt. No. 143) at 4-5) and makes new arguments.  (Pltf. Obj. (Dkt. No. 143) at 5-9)  To the extent that Sparrow reiterates arguments made to Judge Parker, the R&R will be reviewed for clear error.  See Indymac F.S.B., 2008 WL 4810043, at *1; Ortiz, 558 F. Supp. 2d at 451.  To the extent that Sparrow makes new arguments, the relevant portions of the R&R will receive de novo review.  See Idlisan v. Mount Sinai Med. Ctr., No. 12-cv-8935 (PAC)(RLE),

2015 WL 136012, at *2 (S.D.N.Y. Jan. 9, 2015) ("When a party makes a timely objection raising new arguments, the contested portions are reviewed <u>de novo</u>.").

In objections to the R&R filed on November 22, 2019, Sparrow contends that Judge Parker erred in finding a lack of personal jurisdiction over Petit under C.P.L.R. §§ 302(a)(2) or (a)(3). Sparrow contends that because a "claim for malicious prosecution is . . . not a claim for defamation," these provisions provide a basis for the exercise of personal jurisdiction over Petit. (Pltf. Obj. (Dkt. No. 143) at 5)

Judge Parker found that "although it is possible for a New York court to obtain specific jurisdiction over a defendant accused of malicious prosecution, the cause of the plaintiff's damages must be something other than purportedly defamatory statements." (R&R (Dkt. No. 140) at 33 (citing <u>Eavzan v. Polo Ralph Lauren Corp.</u>, 40 F. Supp. 2d 147 (S.D.N.Y. 1998)) Here, "Sparrow's malicious prosecution claim is premised on the allegation that MiMedx/Petit falsely accused Sparrow of market manipulation and, thus, sounds in defamation." (<u>Id.</u> at 35) This Court finds no error in Judge Parker's analysis.

In a footnote, Sparrow contends that "[e]ven without the benefit of the malicious prosecution claim, . . . it has pleaded additional facts that allow the Court to take personal jurisdiction over the defamation claim under Section 302(a)(1), <u>i.e.</u>, facts that sufficiently . . . demonstrate the defamatory statements arose from Defendant Petit's business activities within New York." (Pltf. Obj. (Dkt. No. 143) at 9 n.1)

Sparrow has alleged that on November 30, 2017, Petit "traveled to New York to meet with shareholders with precisely the intent of maintaining the deception that Aurelius was the source of MiMedx's problems and keeping the pressure on Sparrow to identify Aurelius." (PAC (Dkt. No. 117-1) ¶ 64) "Petit, in a public conference appearance with the investment

community that physically took place in New York, again referred to the 'short sellers' as being engaged in 'illegal' behavior" and "any reasonable listener would know it was a reference to Sparrow." (Id.)

Since the statements themselves cannot serve as a basis for the exercise of personal jurisdiction under New York's long-arm statute, Sparrow argues that Petit's travel to New York with the intent to address investor concerns by attacking Aurelius is sufficient to establish personal jurisdiction over Petit under C.P.L.R. § 302(a)(1). (Pltf. Obj. (Dkt. No. 143) at 9 n.1) Setting aside the statements, however, Sparrow does not allege that Petit actually conducted business activities in New York that had a nexus to Sparrow. Whatever Petit's intent in traveling to New York, that intent does not provide a sufficient basis for the exercise of personal jurisdiction under Section 302(a)(1).

In a December 2, 2019 supplemental filing, Sparrow offers certain Securities & Exchange Commission ("SEC") and U.S. Department of Justice ("DOJ") filings alleging that Petit has committed securities fraud. Sparrow contends that these filings "impact this [jurisdictional] analysis and establish the Court's right to take personal jurisdiction over Defendant Petit." (Pltf. Supp. Br. (Dkt. No. 145-1) at 5) Sparrow argues that this Court should "recognize these allegations of fraud as the same ones at the heart of Sparrow's own allegations against Defendant Petit." (Id. at 6) While the Court takes judicial notice of the SEC and DOJ filings against Petit, these documents have no bearing on the personal jurisdiction analysis.

The SEC and DOJ have brought parallel civil and criminal proceedings against Petit in the Southern District of New York alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. SEC v. Petit, No. 1:19-cv-10927 ECF No. 1 ¶ 10 (S.D.N.Y.); United States v. Petit, 1:19-cr-00850 ECF No. 1 ¶¶ 62, 68 (S.D.N.Y.). In connection

with these federal claims, jurisdiction is determined by "the minimum-contacts test[,] . . .

[which] looks to contacts with the entire United States rather than with the forum state." <u>S.E.C.</u>

<u>v. Straub</u>, 921 F. Supp. 2d 244, 253 (S.D.N.Y. 2013).

      By contrast, for purposes of the New York state law claims at issue here, personal

jurisdiction must be established under New York's long-arm statute. The fact that the SEC and

DOJ have brought proceedings against Petit in the Southern District of New York simply has no

bearing on whether this Court has personal jurisdiction over Petit by virtue of New York's long-

arm statute.

      Judge Parker also recommends that Sparrow's request to transfer claims against

Petit to the Northern District of Georgia be denied. (R&R (Dkt. No. 140) at 37). Although the

PAC alleges that Petit lives in Georgia (PAC (Dkt. No. 117-1) ¶ 3), Sparrow has provided no

other information bearing on whether the Northern District of Georgia would be an appropriate

forum. (R&R (Dkt. No. 140) at 37). This Court see no error in Judge Parker's recommendation

that Sparrow's request to transfer claims against Petit be denied.

      Finally, Judge Parker recommends that Sparrow's request for jurisdictional

discovery be denied. (<u>Id.</u> at 38) A request for jurisdictional discovery may be denied when the

requesting party has not shown "that the requested discovery is likely to produce the facts needed

to establish jurisdiction." <u>Haber v. U.S.</u>, 823 F.3d 746, 750 (2d Cir. 2016). Judge Parker notes

that Sparrow has repeatedly raised its requests for jurisdictional discovery in an improper

fashion, waiting until its reply brief – both before this Court and before Judge Parker – to make

this demand. <u>See</u> R&R (Dkt. No. 140) at 37 ("Petit opposed this request on the basis that this

request was raised in reply and failed to comply with Judge Gardephe's individual rules . . . .

Judge Gardephe did not address Sparrow's request in his opinion dismissing Sparrow's claims,

and Sparrow, again, failed to raise this issue until it filed its reply brief in connection with the instant Motion to Amend.")

In any event, the PAC does not plead facts demonstrating that this Court has personal jurisdiction over Petit, and does not show promise that Sparrow will ever be able to plead facts showing a basis for the exercise of personal jurisdiction. This Court has previously served notice on Sparrow that it was necessary for it to make a sufficient showing to justify jurisdictional discovery. In its March 31, 2019 Order granting Defendants' motion to dismiss, this Court stated that it found "no clear error in [Judge Parker's] recommendation" that Sparrow's request for jurisdictional discovery should be denied, "'because Sparrow has not shown that discovery is likely to produce the facts needed to establish jurisdiction over Petit.'" (Mar. 31, 2019 Order (Dkt. No. 112) at 22) Despite this warning, Sparrow has proffered no new facts in support of its personal jurisdiction argument. Accordingly, this Court again adopts Judge Parker's recommendation to deny jurisdictional discovery.

The Court has reviewed the remainder of Judge Parker's 38-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Parker's R&R will be adopted in its entirety. Sparrow's motion to amend will be granted to the extent it seeks to assert a malicious prosecution claim and a defamation claim based on Statements 1, 2, and 3 against MiMedx. Sparrow's motion will be denied in all other respects.

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety. Sparrow's motion for leave to file an amended complaint (Dkt. No. 116) is granted in part and denied in part as set forth above. The Clerk of Court is directed to terminate the motion.

Dated: New York, New York
March 22, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge