UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SPARROW FUND MANAGEMENT, LP,	Case No. 18-cv-04921 (PGG)(KHP)

                    Plaintiff,

          v.	**ANSWER**

MIMEDX GROUP, INC., PARKER H. "PETE"
PETIT, and JOHN DOES 1-10,

                    Defendants.
-----------------------------------------------------------X

      Defendant MiMedx Group, Inc. ("MiMedx"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Amended Complaint herein, states as follows:

## JURISDICTION

      1.     Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 1.

      2.     Admits the allegations contained in paragraph 2 and refers to the referenced description of MiMedx's business for the contents thereof.

      3.     Denies the allegations contained in paragraph 3 and refers all questions of law to the Court.

      4.     Denies the allegations contained in paragraph 4 and refers all questions of law to the Court.

      5.     Denies the allegations contained in paragraph 5.

      6.     Denies the allegations contained in paragraph 6 and refers to the claimed public allegations for the contents thereof.

      7.     Admits the allegations contained in paragraph 7.

      8.     Denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9 and refers to the referenced public statements for the contents thereof.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 and refers to the pleadings in the referenced litigation for the contents thereof.

13. Denies the allegations contained in paragraph 13 and refers to the referenced blog post for the contents thereof.

14. Denies the allegations contained in paragraph 14 and refers to the referenced article for the contents thereof.

15. Denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16.

17. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 17, except admits that MiMedx eventually acquired knowledge concerning certain activities of Axos Financial.

18. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 18.

19. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 19.

20. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 20.

21. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 21.

22. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 22.

23. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 23.

24. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26, except admits that at some point it became aware of Axos Financial's dispute with Aurelius Value.

27. Denies the allegations contained in paragraph 27, except admits that it retained the Sheppard Mullin law firm to represent it in connection with its investigation concerning Aurelius Value and potential litigation.

28. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 28 as to what is plausible, and admits that MiMedex became aware of Aurelius Value's IP address.

29. Denies the allegations contained in paragraph 29, except admits that MiMedx filed suit in this Court against Plaintiff (the "MiMdex Action") shortly after Aurelius Value issued a blog post about MiMdex.

30. Denies the allegations contained in paragraph 30, and refers to the Complaint in the MiMedex Action for the contents thereof.

31. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 31.

32. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 32, except admits that MiMdex's investigation enabled it to form the conclusion that Sparrow or one or more of its principals were posting as Aurelius Value.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47, and refers to the referenced letter for the contents thereof.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49 and refers to the referenced press release for the contents thereof..

50. Denies the allegations contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52 and refers to the referenced statement for the contents thereof.

53. Denies the allegations contained in paragraph 53 and refers to the referenced filing for the contents thereof.

54. Denies the allegations contained in paragraph 54, except admits that MiMedx did not voluntarily dismiss the MiMedx Action and states that Plaintiff's sanctions motion was denied.

55. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55.

56. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56.

57. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59, except denies having knowledge or information sufficient to form a belief as the allegation thereof about when the SEC investigation commenced.

60. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 and refers to the referenced media report for the contents thereof.

61. Denies the allegations contained in paragraph 61 and refers to the referenced indictment for the contents thereof.

62. Denies the allegations contained in paragraph 62 and refers to the referenced statement for the contents thereof.

63. Admits the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64 and refers to the referenced filing for the contents thereof.

65. Admits the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66, except admits that Ernst & Young resigned as auditor.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68 and refers to the referenced filings for the contents thereof.

69. Denies the allegations contained in paragraph 69, except admits that the Court dismissed the MiMdex Action and refers to the Court's decision for the contents thereof.

70. Denies the allegations contained in paragraph 70, except admits that the Court granted leave to amend and that no amended complaint was filed.

71. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 71 and refers to the referenced report for the contents thereof.

72. Denies the allegations contained in paragraph 73 and refers to the referenced statement for the contents thereof.

73. Denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 74.

75. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75.

76. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76.

77. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78.

79. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79.

80. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 80.

81. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83.

84. Denies the allegations contained in paragraph 84.

## COUNT I

85. Repeats the allegations contained in paragraphs 1 through 84 hereinabove.

86. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 86.

87. Denies the allegations contained in paragraph 87.

88. Denies the allegations contained in paragraph 88, excepts denies having knowledge or information sufficient to form a belief with respect to the allegations thereof concerning whether Sparrow or any of its principals published as Aurelius Value.

89. Denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92.

93. Denies the allegations contained in paragraph 93.

94. Denies the allegations contained in paragraph 94, except admits that Plaintiff seeks injunctive relief.

## COUNT II

95. Repeats the allegations contained in paragraphs 1 through 94 hereinabove.

96. Denies the allegations contained in paragraph 96.

97. Admits the allegations contained in paragraph 97.

98. Denies the allegations contained in paragraph 98.

99. Denies the allegations contained in paragraph 99.

100. Denies the allegations contained in paragraph 100.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails, in whole or in part, to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by the doctrine of unclean hands, laches, estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by lack of standing.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks any basis to recover compensatory damages or any other damages, injunctive relief, attorneys' fees and/or costs of suit in this action.

## SIXTH AFFIRMATIVE DEFENSE

The claims stated are barred or limited, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

MiMedx's conduct was privileged and is therefore not actionable.

## EIGHTH AFFIRMATIVE DEFENSE

No actions or omissions of MiMdex were the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, the Complaint and all claims stated therein should be dismissed

because there is no causal connection between the asserted claims and any damages Plaintiff has allegedly suffered.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by its own acts or omissions, and as a result his claims are barred or limited by the doctrine of comparative or contributory negligence and/or the doctrine of avoidable consequences.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, due to the exercise of reasonable care to prevent and promptly correct the harm complained of.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of the independent acts of third parties or other agencies or entities for which MiMedx is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for defamation fail as a matter of law to the extent that the allegedly defamatory conduct set forth in the Complaint reflects or conveys the truth.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because MiMedx did not act with malice, willfulness, bad faith and/or wanton disregard of Plaintiff's rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

Awarding punitive damages against MiMedx would violate the United States and New York State Constitutions.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

Because the MiMedx Action was not a sham litigation, MiMedx's conduct is not actionable under either of the claims for relief plead by Plaintiff.

**WHEREFORE**, Defendant demands that judgment be entered as follows:

1. Dismissing the Amended Complaint in its entirety with prejudice;

2. Awarding Defendant costs and expenses, including reasonable attorneys' fees; and

3. Granting such other and further relief as is just and proper.

Dated: New York, New York
April 20, 2020

                LEWIS BRISBOIS BISGAARD & SMITH LLP

                By: /s/ Peter T. Shapiro
                      Peter T. Shapiro
                      *Attorneys for Defendant MiMedx Group, Inc.*
                      77 Water Street, Suite 2100
                      New York, New York 10005
                      (212) 232-1300
                      Peter.Shapiro@lewisbrisbois.com

## CERTIFICATE OF SERVICE

      Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on April 20, 2020, he caused to be filed via ECF Defendant's Answer to the Amended Complaint.

      /s/ Peter T. Shapiro
      Peter T. Shapiro