USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SPARROW FUND MANAGEMENT LP,

                        Plaintiff,                              **ORDER TO SEAL**

        -against-                                    **18-CV-4921 (PGG) (KHP)**

MIMEDX GROUP, INC.,

                        Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      On February 12, 2021 Plaintiff Sparrow Fund Management filed a letter motion to compel Defendant MiMedx Group to produce certain documents in discovery (ECF Nos. 182-83); that letter motion was provisionally filed under seal pursuant to the parties' protective order. Then, on March 2, 2021 Plaintiff filed a Reply Memorandum of Law in support of the motion to compel. (ECF Nos. 185-86.) The reply was also filed under seal. Although Plaintiff believes that the allegedly confidential documents at issue in the motion to compel should ultimately be unsealed and produced in unredacted form, at this stage the parties jointly request sealing to provide the Court with time to rule on the motion to compel and to allow more time for de-designation negotiations pursuant to the parties' protective order.

      As opposed to judicial documents, to which the public has a strong presumption of access, documents passed between parties (or the Court) in discovery "lie entirely beyond the presumption's reach." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Even when the Court assesses such documents in the context of a discovery motion, such as a motion to compel, the documents remain non-judicial. *Uni-Systems v. United States Tennis Ass'n*, 2020

U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020).  "When discovery documents were submitted to the court pursuant to a confidentiality agreement, the Second Circuit has held that it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'"  *Id.* at *27-28 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

## CONCLUSION

In light of this precedent, the Court finds that the parties' joint request that Plaintiff's motion to compel and reply brief be filed under seal should be GRANTED.  If, after the Court rules on the motion to compel, the parties are unable to reach agreement on whether these documents should remain sealed under paragraph four of the protective order (ECF No. 169,) Plaintiff may seek final resolution of the dispute by the Court.  In the meantime, the Court respectfully requests that the Clerk of Court ensure that the documents filed at ECF Nos. 183 and 186 remain under seal, with access limited to the parties and the Court.

**SO ORDERED.**

Dated: March 8, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge