UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SPARROW FUND MANAGEMENT, LP,                    Case No. 18-cv-04921 (PGG)(KHP)

                         Plaintiff,

              - against -

MIMEDX GROUP, INC.,

                         Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR LEAVE TO SERVE AN AMENDED ANSWER**

**LEWIS BRISBIOS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300
*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

ARGUMENT ...................................................................................................................................1

CONCLUSION ...............................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Burch v. Pioneer Credit Recovery, Inc.*,
  551 F.3d 122 (2d Cir. 2008)....................................................................................2

*Coleman v. Grand*,
  No. 18-CV-05663 (ENV) (RLM), 2021 U.S. Dist. LEXIS 37131, 2021 WL 768167
  (E.D.N.Y. Feb. 26, 2021).........................................................................................3

*Commander Oil Corp. v. Barlo Equip Corp.*,
  215 F.3d 321 (2d Cir. 2000)....................................................................................4

*Cummings-Fowler v Suffolk County Community Coll.*,
  282 F.R.D. 292 (E.D.N.Y. 2012).............................................................................4

*Foman v. Davis*,
  371 U.S. 178 (1962).................................................................................................1

*Kleeberg v. Eber*,
  No. 16-CV-9517 (LAK) (KHP), 2019 U.S. Dist. LEXIS 87259 (S.D.N.Y. May 23, 2019).....4

*Local 802, Assoc. Musicians v. Parker Meridien Hotel*,
  145 F.3d 85 (2d Cir. 1998).......................................................................................1

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015).....................................................................................1

*Margel v. E.G.L. Gem Lab Ltd.*,
  04-CIV-1514 (PAC)(HBP), 2010 U.S. Dist. LEXIS 10622 (S.D.N.Y. Feb. 8, 2010) ............5

*McCarthy v. Dunn & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007).....................................................................................1

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
  No. 08-CV-5023 (CBA)(RLM), 2010 U.S. Dist. LEXIS 29267 (E.D.N.Y. Mar. 26, 2010).....5

*Palin v. N.Y. Times Co.*,
  17-cv-4853 (JSR), 2020 U.S. Dist. LEXIS 243594, 2020 WL 7711593 (S.D.N.Y. Dec. 20,
  2020) .........................................................................................................................3

*Project Veritas v. N.Y. Times Co.*,
  2021 N.Y. Misc. LEXIS 2264 (Sup. Ct. Westchester County Mar. 18, 2021).........................4

*Reus v. Etc. Hous. Corp.*,
  2021 N.Y. Slip Op. 21130, 2021 N.Y. Misc. LEXIS 2262 (Sup. Ct. Clinton County May 6,
  2021) .........................................................................................................................4

*Sackler v. American Broadcasting Companies, Inc.*,
   2021 N.Y. Slip Op. 21055, 2021 N.Y. Misc. LEXIS 1045, 2021 WL 969809 (Sup. N.Y.
   County Mar. 9, 2021)..................................................................................................3

*Sweigart v. Goodman*,
   18-cv-08653 (VEC)(SDA), 2021 U.S. Dist. LEXIS 77704 (S.D.N.Y. Apr. 22, 2021)............5

*Williams v. Citigroup Inc.*,
   659 F.3d 208 (2d Cir. 2011) (per curiam)................................................................1

**Statutes**
New York Civil Rights Law § 70-a ...............................................................................5

New York Civil Rights Law § 70-a(1)............................................................................2

New York Civil Rights Law § 70-a(1)(a)........................................................................3

New York Civil Rights Law § 70-a(1)(c)........................................................................2

New York Civil Rights Law § 76-a(1) ...........................................................................2

New York Civil Rights Law § 76-a(1)(d)........................................................................2

New York Civil Rights Law § 76-a(2) ........................................................................2, 3

**Court Rules**
Fed.R.Civ.P. 15(a) .......................................................................................................1

Defendant, by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum of law in support of its motion pursuant to Fed.R.Civ.P. 15(a)(1) for leave to amend its Answer to assert an additional affirmative defense, an additional affirmative defense which also serves as a counterclaim, and a revised affirmative defense.

By way of background, Plaintiff filed its Amended Complaint on April 6, 2020. [DE 155]. Defendant filed its Answer on April 20, 2020. [DE 160] Discovery is underway, with fact discovery scheduled to be completed by September 30, 2021 pursuant to the Court's July 2, 2021 order. [DE 214]

Plaintiff asserts two claims for relief, for defamation and malicious prosecution. Both claims are derived from Defendant's filing of a prior action against Plaintiff in this Court ("*Sparrow I*"). Plaintiff avers that Defendant lacked probable cause for doing so and that the other elements of a malicious prosecution are present. Plaintiff alleges further that Defendant defamed it in various public statements relating to the claims in that litigation and that the defamation claim should be allowed to proceed because *Sparrow I* was a sham litigation. Defendant disputes all of Plaintiff's claims.

## ARGUMENT

It is elementary that leave to file an amendment to a pleading shall be freely granted pursuant to Federal Rule 15(a). *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). This "permissive standard . . . is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits. *Id.* (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam)). *See also Foman v. Davis,* 371 U.S. 178, 182 (1962); *McCarthy v. Dunn & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court has "broad" discretion in ruling on a motion to amend. *Local 802, Assoc. Musicians v. Parker Meridien Hotel,*

145 F.3d 85, 89 (2d Cir. 1998). Motions to amend should therefore be denied only for reasons of "undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, or futility." *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

The basis for the instant motion is a recent change in the law. Effective November 10, 2020, New York has dramatically expanded protections afforded to defendants in lawsuits brought based on the exercise of free speech rights. The amended Anti-SLAPP Law seeks to deter strategic lawsuits against public participation (SLAPP) suits by expanding the legal protections available to defendants targeted by such suits, and by imposing costs on the plaintiffs that bring such suits. New York's Anti-SLAPP Law now applies to claims based on: "any communication in a place open to the public or a public forum in connection with an issue of public interest" or "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest". Civil Rights Law § 76-a(1).

The statute also provides that the term "public interest" should be "construed broadly, and shall mean any subject other than a purely private matter." § 76-a(1)(d). The amendment imposes the requirement that a plaintiff "establish by clear and convincing evidence that any communication which gives rise to the action" was made with actual malice. § 76-a(2).

The proposed Amended Answer asserts new and amended affirmative defenses and one counterclaim that are clearly meritorious and appropriate given the nature of Plaintiff's claims herein – all derived from *Sparrow I* and related public statements. Inasmuch as Defendant is a public company and it sued Plaintiff in *Sparrow I* alleging that it was blogging anonymously to damage Defendant and seeking to recover damages, the public interest requirement of the statute is satisfied. The revised fourteenth affirmative defense asserts that Plaintiff cannot recover punitive damages in light of Civil Rights Law § 70-a(1)(c). Under that statute, punitive damages may only be recovered if

the plaintiff can demonstrate that the underlying action was commenced or continued for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights.

The new sixteenth affirmative defense avers that Plaintiff's claims are barred by the provisions of New York Civil Rights Law § 76-a(2) because Plaintiff cannot establish by clear and convincing evidence that any communication which gave rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false. That is the standard for recovery of damages pursuant to the statute.

Finally, the new seventeenth affirmative defense/counterclaim states as follows:

> Plaintiff's claims are barred by the provisions of New York Civil Rights Law Section 70-a(1)(a) because Plaintiff has commenced or continued this action without a substantial basis in fact and law and there is no substantial argument for the extension, modification or reversal of existing law, and MiMedx should be awarded damages, including costs and attorney's fees pursuant to said statute based on Plaintiff's pursuit of or continuation of the action.

That defense and claim by the defendant in a SLAPP suit is provided for by this amended statute.

These defenses and the counterclaim were not included in the original answer because the law had not yet been amended and the defense and counterclaim basis did not then exist. It is appropriate to assert them now because the courts that have recently addressed the issue have clarified that the amendment is retroactive such that it applies to suits pending at the time of the amendment, such as the instant action. *See Palin v. N.Y. Times Co.,* 17-cv-4853 (JSR), 2020 U.S. Dist. LEXIS 243594, 2020 WL 7711593, *3-5  (S.D.N.Y. Dec. 20, 2020);  *see also Coleman v. Grand*, No. 18-CV-05663 (ENV) (RLM), 2021 U.S. Dist. LEXIS 37131, 2021 WL 768167, at *7 (E.D.N.Y. Feb. 26, 2021); *Sackler v. American Broadcasting Companies, Inc.*, 2021 N.Y. Slip Op. 21055, 2021 N.Y. Misc. LEXIS 1045, 2021 WL 969809, *3 (Sup. N.Y. County Mar. 9, 2021);

*Project Veritas v. N.Y. Times Co.,* 2021 N.Y. Misc. LEXIS 2264 (Sup. Ct. Westchester County Mar. 18, 2021). *Accord Reus v. Etc. Hous. Corp.*, 2021 N.Y. Slip Op. 21130, 2021 N.Y. Misc. LEXIS 2262 (Sup. Ct. Clinton County May 6, 2021).

Given the controlling permissive standard, the motion should be granted because it is meritorious, discovery is not yet completed, no depositions have been conducted as yet and Defendant has acted diligently in seeking leave to amend. Further, the proposed amendment would not impact or delay discovery in any respect. The parties continue to engage in discovery, with no depositions having proceeded to date. It is anticipated that depositions will proceed and be completed over the next two to three months. *See Commander Oil Corp. v. Barlo Equip Corp.,* 215 F.3d 321, 333 (2d Cir. 2000) (affirming leave to amend answer granted seven years after action was commenced); *Kleeberg v. Eber*, No. 16-CV-9517 (LAK) (KHP), 2019 U.S. Dist. LEXIS 87259, at *22 (S.D.N.Y. May 23, 2019) ("When evaluating delay, the court considers whether a trial date has been set, whether discovery has ended, and whether dispositive motions were already filed."). Hence, Plaintiff is not prejudiced by the proposed amendment.

The party opposing the amendment has the burden of demonstrating that leave to amend would be futile. *Cummings-Fowler v Suffolk County Community Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012).  Plaintiff cannot meet that burden. The Court should grant the instant motion because the new defenses are potentially dispositive of Plaintiff's claims, which are predicated largely on Defendant's filing of *Sparrow I* and related public statements by Defendant, both of which addressed issues of interest to the public. Under the statute, when the defendant has demonstrated that the lawsuit they are facing is an action based on their public communications or other free speech conduct, the plaintiff can only avoid dismissal and liability for damages, costs and fees by demonstrating that their claim has a "substantial basis in law" or is supported by a

"substantial argument" for modifying the law. Civil Rights Law § 70-a. Defendant submits that Plaintiff will be unable to satisfy that standard.

The old version of the Anti-SLAPP Law had a very narrow application: it applied only to lawsuits brought by plaintiffs who had sought public permits, zoning changes, or other similar entitlements from a government body, against defendants who had reported on, ruled on, or challenged the plaintiff's petition to the government body. Only as of November 2020 did the statute become applicable to the facts of the case at bar. The applicability of a newly adapted statute on point is akin to new evidence that supports granting leave to amend. *See Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA)(RLM), 2010 U.S. Dist. LEXIS 29267, at *11 (E.D.N.Y. Mar. 26, 2010) (granting motion to amend three months after discovering new evidence); *Margel v. E.G.L. Gem Lab Ltd.*, 04-CIV-1514 (PAC)(HBP), 2010 U.S. Dist. LEXIS 10622, at *29 (S.D.N.Y. Feb. 8, 2010) (granting motion to amend six months after discovering new evidence).

The Court should follow the rationale adopted by Judge Aaron in *Sweigart v. Goodman,* 18-cv-08653 (VEC)(SDA), 2021 U.S. Dist. LEXIS 77704 (S.D.N.Y. Apr. 22, 2021) There, the defendant moved for leave to amend his answer to add an Anti-SLAPP Law defense. Judge Aaron held that the motion should be granted because the statute is retroactive and it applied to the claims at issue in that case. The same rationale applies here.

## **CONCLUSION**

For the foregoing reasons, there is no valid basis to oppose the motion for leave to amend and the Court should exercise its discretion to grant the motion.

Dated:  New York, New York
        June 3, 2021

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  _/s/_ Peter T. Shapiro
     Peter T. Shapiro, Esq.
     *Attorneys for Defendant*
     77 Water Street
     New York, NY 10005
     212.232.1300
     Peter.Shapiro@lewisbrisbois.com