

LARGE FIRM EXPERTISE. SMALL FIRM EFFICIENCY.

**Adam S. Heder**
Direct: 503.596.2920
adamh@hbclawyers.com
Admitted in Oregon and California

June 23, 2021

**VIA CM/ECF**

The Honorable Magistrate Judge Katharine H. Parker
500 Pearl Street, Room 750
New York, NY 10007

      Re:    *Sparrow Fund Management, LP v. MiMedx Group, Inc. et al.*
              Case No. 1:18-cv-04921-PGG-KHP
              Supplemental Motion to De-Designate Certain Information Labeled as "Confidential"

Dear Judge Parker:

      Sparrow Fund Management, LP previously filed with the Court a request to have certain documents "de-designated" as "confidential" under the Confidentiality Stipulation and Protective Order (CM ECF No. 195). The Court informed the parties it has taken that request under advisement.

      In the interim, Defendant has produced additional documents, including one that Sparrow has attached to this motion under seal. Sparrow has requested Defendant agree to remove the "confidential" label for the same reasons as the other documents now pending before the Court. Defendant declined. And so, by way of this supplemental brief, Sparrow respectfully requests the Court order the "confidential" label be removed from the document attached hereto as Exhibit A.

      The email in question concerns the findings of the expert linguist that Defendant has repeatedly claimed it relied on to falsely conclude Sparrow was the anonymous blogger Aurelius Value. Notably, Defendant did NOT stamp the underlying linguistic report as "confidential." Further, and maybe more importantly, no MiMedx employee or attorney is even copied on the email. This is an email Sparrow obtained by way of third-party subpoena to MiMedx's private investigator, Mintz Group. Where MiMedx has already conceded that the underlying document is not confidential and where MiMedx is not even a party to this email, it is unclear what authority Defendant invokes to insist on confidentiality in any event.

      And just as with the other documents Sparrow has requested the Court de-designate, this document does not contain any trade secrets or other information normally protected by confidentiality designations. The only conceivable reason MiMedx does not want this document publicly available is because it supports what Sparrow has been pleading all along – that MiMedx's supposed prefiling investigation was a sham – and is no doubt embarrassing to Defendant.

**Main Office**
15350 SW Sequoia Parkway    T   503.968.1475
Suite 250    F   503.968.2003
Portland, OR 97224    W   hbclawyers.com

June 23, 2021
Page 2

      We respectfully request the Court de-designate as not "confidential," the attached Exhibit A, which is being filed under seal herewith.

                Sincerely,
                **HARRIS BERNE CHRISTENSEN LLP**

                Adam S. Heder
                Admitted Pro Hac Vice

cc: All Counsel of Record (via email)