USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SPARROW FUND MANAGEMENT LP,

                          Plaintiff,

          -against-

MIMEDX GROUP, INC.,

                          Defendant.
-----------------------------------------------------------------X

**ORDER**

18-CV-4921 (PGG) (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Sparrow Fund Management, LP ("Sparrow") brings this action against Defendant MiMedx Group, Inc. ("MiMedx") for defamation and malicious prosecution. Sparrow's claims arise out of an earlier suit filed against it by MiMedx in which MiMedx claimed that Sparrow or its principles were making defamatory statements about MiMedx via anonymous blog posts authored under the pseudonym Aurelius Value. *See MiMedx Group, Inc. v. Sparrow Fund Mgmt., LP*, 1:17-cv-07568 (PGG) (KHP) (S.D.N.Y. 2017). Sparrow now moves for an Order compelling The Cockrell Group USA, Inc. (the "Cockrell Group") – a non-party – to produce documents in response to a subpoena duces tecum.

**DISCUSSION**

      Rule 45 of the Federal Rules of Civil Procedure states that "[s]erving a subpoena requires delivering a copy to the named person." While, the word "delivering" is not defined in the Federal Rules, many courts have interpreted this language as requiring personal service. *See SEC v. Prince*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (collecting cases and authority). That said, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." *Kenyon v. Simon & Schuster, Inc.*, No. 16-mc-327, 2016 WL

5930265, at *3 (S.D.N.Y. Oct. 11, 2016) (cleaned up).  Furthermore, Courts in this District have repeatedly noted that Rule 45 "neither requires in-hand service nor prohibits alternative means of service."  *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-cv-9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (internal quotation marks omitted) (quoting *Cordius Trust v. Kummerfeld*, No. 99-cv-3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)).

Accordingly, district courts authorize alternative forms of service when it "is reasonably designed to ensure that a witness actually receives a subpoena."  *Kenyon*, 2016 WL 5930265, at *3.  Alternative service methods – such as service by certified mail – will be permitted where such service "reasonably insures actual receipt of the subpoena by the witness" and "comports with due process" insofar as it is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections."  *JPMorgan Chase Bank, N.A.*, 2009 WL 1313259, at *3 (quoting *Cordius Trust*, 2000 WL 10268, at *2).  Indeed, Courts typically require a party seeking leave to serve by alternative means "to demonstrate a prior diligent attempt to personally serve" before permitting substituted service under Rule 45.  *Kenyon*, 2016 WL 5930265, at *3.

Here, representatives from the Cockrell Group have already acknowledged receipt of the subpoena.  (ECF No. 229 at 1.)  Sparrow also represents that, while counsel for the Cockrell Group demanded that her client be personally served, counsel refused to accept personal service on behalf of her client.  (ECF No. 229 at 2.)  Moreover, it appears that the Cockrell Group's facilities are closed in light of the COVID-19 pandemic, rendering personal service impractical.  Sparrow previously dispatched a process server to the Cockrell Group's facility to

serve the subject subpoena (ECF No. 229, Ex. 3,) to no avail.  Thus, it may very well be that certified mail was and is the most practical means for Sparrow to serve this subpoena.

      I also note that relatively recent cases from this District suggest that alternative service under Rule 45 must be accomplished in accordance with Federal Rule of Civil Procedure 4, which permits service in accordance with the laws of the state where service will be made.  *See Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, No. 99-cv-9623 (RWS), 2006 WL 1311967, at *2 (S.D.N.Y. May 12, 2006).  Given, as noted above, that the Cockrell Group's facility is inaccessible in light of the pandemic, I find that certified mail is an appropriate method to effectuate service on the Cockrell Group.  *See* N.Y. C.P.L.R. 308(5) (permitting alternative service on individuals where other means of service are "impracticable").

      Accordingly, I retroactively grant permission to Sparrow to serve this subpoena on Cockrell Group by certified mail.  Given that the Cockrell Group has already received the subpoena, the Cockrell Group shall have until **August 2, 2021** to file any objections and/or responses thereto.  Further, I hereby direct Sparrow to serve a copy of this Order on the Cockrell Group and to file proof of service on the public docket.

## CONCLUSION

Therefore, Sparrow's motion (ECF No. 229) is GRANTED, but only to the extent set forth above. Sparrow shall serve a copy of this Order on the Cockrell Group and file proof of service on the public docket by no later than **July 8, 2021**.

**SO ORDERED.**

Dated: July 2, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge