# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

Polly Towill
213.617.5480 direct
ptowill@sheppardmullin.com

July 28, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2021

**VIA ECF**

The Honorable Magistrate Judge Katharine H. Parker
500 Pearl Street, Courtroom 17D
New York, NY 10007

Re:   Sparrow Fund Management, LP v. MiMedx Group, Inc. et al. - Case No. 1:18-cv-04921-PGG-KHP – Axos Bank's Opposition to Sparrow Fund Management, LP's Motion to Compel re Axos Bank Subpoena

Dear Judge Parker:

Third-Party Axos Bank (fka BofI Federal Bank) ("Axos") is in receipt of the Court's Order setting a telephonic case management conference for Thursday, August 5, 2021 at 12:30 p.m., in which the Court directed counsel for Axos to attend because it intends to discuss recently issued subpoenas.  Axos makes this limited special appearance in this action to again object to the Court's jurisdiction to enforce a subpoena in which compliance is required in San Diego, California.  Also, Axos is not aware of any subpoena being issued since April 2020.

On April 8, 2020, Plaintiff Sparrow Fund Management, LP ("Sparrow") issued a subpoena pursuant to Federal Rule of Civil Procedure 45 to Axos for the production of documents (the "Subpoena").  The Subpoena's place of compliance is designated as Axos' headquarters, which is located in San Diego, California.  Any potentially responsive documents are in the possession, custody, and control of Axos in San Diego.  Axos timely served objections and responses to the subpoena, and subsequently produced documents to Sparrow.  Despite a substantial document production, Sparrow remained unsatisfied, and the parties engaged in numerous meet and confer efforts to try to informally resolve certain issues.  In particular, Sparrow is insisting that Axos produce documents protected by the attorney-client privilege and attorney work product doctrine.  In a meet and confer letter sent to Sparrow's counsel dated December 18, 2020, and multiple meet and confer emails, Axos confirmed with Sparrow that any motion to compel compliance with the Subpoena must be made in the Southern District of California, the district where compliance with the Subpoena is required.

Nevertheless, on June 30, 2021, Sparrow filed a motion to compel in this Court concerning the Subpoena.  (ECF 231).  However, when it filed the motion to compel, Sparrow did not serve it on Axos.  Accordingly, on July 2, the Court ordered Sparrow to serve the motion to compel on Axos and file an affidavit of service with the Court.  (ECF 233).  The Court granted Axos two weeks from the date of service of the Motion to submit an opposition.  On July 6, Sparrow served the Motion on Axos.  On July 12, Axos specially appeared to file a brief opposition, in which it argued that pursuant to Federal Rule of Civil Procedure 45, the Southern District of New

**SheppardMullin**

The Honorable Magistrate Judge Katharine H. Parker
July 28, 2021
Page 2

York lacks jurisdiction to enforce the Subpoena because the Subpoena requires compliance in San Diego, California. (ECF 238). Sparrow never filed a reply. Instead, on July 19, counsel for Sparrow emailed counsel for Axos requesting that Axos either agree to transfer venue to the Southern District of New York, or Sparrow will simply re-serve the subpoena and require compliance in New York. After counsel for Axos responded that compliance with a subpoena to Axos is improper in the Southern District of New York, counsel for Sparrow stated that it will "transfer venue of the motion to compel to the Southern District of California."

Accordingly, Sparrow has essentially conceded that it will not (and cannot) enforce the Subpoena in this District. Moreover, no subpoena has been issued to Axos other than the April 2020 Subpoena seeking compliance in San Diego, California. Therefore, Axos respectfully requests that it not be compelled to appear at the August 5 Case Management Conference because the Subpoena cannot be enforced in this District, and no other subpoenas have been served on Axos. After fully complying with the Subpoena, third-party Axos continues to expend unnecessary legal expenses.

Sincerely,

*Polly Towill*

Polly Towill
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4844-0987-5956.1

---

Sparrow is hereby directed to advise the Court whether it is seeking enforcement of the subject subpoena in California by no later than August 2, 2021.

SO ORDERED:

*Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Date: July 29, 2021