

LARGE FIRM EXPERTISE. SMALL FIRM EFFICIENCY.

**Adam S. Heder**
Direct: 503.596.2920
adamh@hbclawyers.com
Admitted in Oregon and California

August 17, 2021

**VIA CM/ECF**

The Honorable Magistrate Judge Katharine H. Parker
United States District Court, Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

      Re:    *Sparrow Fund Management, LP v. MiMedx Group, Inc. et al.*
              No. 1:18-cv-04921-PGG-KHP
              Plaintiff's Response to Defendant's August 13, 2021 Letter Motion to Compel

Dear Judge Parker:

      On behalf of Sparrow Fund Management, LP ("Sparrow"), I write to address Defendant's letter motion to compel a non-party witness, Christopher Carroll, to search his personal emails to produce to Defendant MiMedx Group, Inc. ("MiMedx").

      MiMedx offers no information or evidence to suggest that Mr. Carroll's personal emails must be searched for any relevant information that cannot already be captured by searching Sparrow's servers. Rather, MiMedx only offers speculation. Mr. Carroll formerly worked for Sparrow, and his Sparrow-related files—including his emails—remain with Sparrow. Further, any relevant communications with Sparrow's principals after his departure could be captured by searching Sparrow's principals' emails.

      In other words, MiMedx already has access to Mr. Carroll's relevant Sparrow-related documents through searches of Sparrow's files. Sparrow has been transparent about the sources and searches used to locate and collect relevant information. Sparrow has offered to discuss additional searches with MiMedx and even unilaterally conducted and disclosed searches regarding Mr. Carroll that MiMedx did not ask for. MiMedx has not demonstrated a need to go beyond the available sources and probe a non-party's personal emails. Unless and until MiMedx does so, Mr. Carroll should not be required to offer up his personal emails for search.

      It is worth noting that MiMedx's letter indicates an incomplete review of the documents already produced by Sparrow. During the meet and confer discussions, MiMedx's counsel stated that "**no**

**Main Office**
15350 SW Sequoia Parkway
Suite 250
Portland, OR 97224

T   503.968.1475
F   503.968.2003
W  hbclawyers.com

documents were produced regarding Mr. Carroll's decision to withdraw as a partner from the fund." (emphasis added). Following a correction from Sparrow's counsel, MiMedx now states that "Sparrow has never produced any documents pertaining to Mr. Carroll's withdrawal ***other than*** his separation agreement." (emphasis added). However, this too is incorrect. A simple search of emails produced by Sparrow turns up additional emails regarding Mr. Carroll's departure. Moreover, as Sparrow's counsel has explained on multiple occasions, discussions regarding Mr. Carroll's departure largely took place by telephone. (MiMedx does not need to blindly accept Sparrow's counsel's representation; its counsel can examine Mr. Carroll on that point in his upcoming deposition.) Further, MiMedx states that "Sparrow has also not produced ***any*** communications to which Mr. Carroll was a party discussing MiMedx's action against Sparrow." (emphasis added.) This is simply incorrect and easily disproven with simple keyword searches of the documents already produced. For example, Sparrow produced emails from Chris Carroll to the limited partners of Sparrow and Sparrow's insurer regarding the MiMedx suit.

In any event, Sparrow's counsel's statement that he has "no reason to believe that Chris Carroll has any documents pertinent to this case that cannot be produced pursuant to the transparent procedures already disclosed" is not based on a failure of imagination. Rather, counsel's statement is based on information from Mr. Carroll and the history of discovery in this matter. Mr. Carroll has searched his personal emails for "Aurelius" and found emails from a general distribution list that simply linked to Aurelius posts and an inquiry from a journalist that he forwarded to Sparrow. In other words, nothing that could not be discovered from available sources. Further, he searched his personal emails for any communications with Sparrow's principals Nathan Koppikar and AJ Secrist regarding his departure and found none. MiMedx can ask Mr. Carroll about his searches during his upcoming deposition and why he would not expect to find relevant documents in his personal email.

In contrast with Sparrow's well-founded assertions, MiMedx offers speculation that Mr. Carroll "may have documents about Aurelius Value postings, or the authors of such posts" and they "cannot know … for sure" about other documents "unless "Mr. Carroll's personal files are searched." However, Mr. Carroll, as a non-party, should not be burdened with an unnecessary subpoena of his personal emails when MiMedx has access to the relevant information through Sparrow's ESI.

Sparrow respectfully requests the Court deny MiMedx's motion to compel Mr. Carroll to produce his personal emails.

Very truly yours,

**HARRIS BERNE CHRISTENSEN LLP**

Adam S. Heder
Admitted Pro Hac Vice

ASH:nak
cc: All Counsel of Record (via ECF)