```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SPARROW FUND MANAGEMENT LP,

                              Plaintiff,                ORDER ON MOTION TO SEAL

              -against-                                 18-CV-4921 (PGG) (KHP)

MIMEDX GROUP, INC.,

                              Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On June 30, 2021 Plaintiff Sparrow Fund Management LP ("Sparrow") filed a letter motion to compel discovery from third-party Axos Bank. (ECF No. 231.) Sparrow submitted various exhibits in support of that motion. The exhibits include certain documents obtained by Sparrow during discovery that were marked by Defendant MiMedx Group, Inc. ("MiMedx") as confidential disclosures pursuant to the parties' Protective Order at ECF No. 169. Given these confidentiality designations, Sparrow filed a letter motion to seal these exhibits from public view in conjunction with its motion to compel. (ECF No. 230.)

Since the filing of that motion to seal, the undersigned issued an Opinion & Order on Sparrow's motion to de-designate certain documents marked as confidential during discovery. (*See* ECF No. 237.) Most of the documents at issue in that decision were related to MiMedx's pre- and post-filing investigations into Aurelius's identity. At bottom, the Court found no basis to conclude that MiMedx would be harmed if the general public or interested third parties were to learn of the details of MiMedx's pre- and post-filing investigations. (*Id.* at 10.) Moreover, the Court pointed out that MiMedx heavily relies on these investigations to defend

itself in this case. Thus, the Court determined that there was not good cause to maintain confidentiality designations on these investigatory documents.

The instant motion to seal concerns the same sort of investigation documents. Sparrow's exhibits in support of its motion to compel involve emails related to MiMedx's pre- and post-filing investigations and the factual conclusions drawn therefrom. Accordingly, for substantially similar reasons as those set forth in the Court's prior Opinion & Order at ECF No. 237, the Court will not permit these documents to be withheld from public view.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to seal (ECF No. 230,) is DENIED. The Court respectfully requests that the Clerk of Court unseal the filing at ECF No. 231 in this case.

**SO ORDERED.**

Dated: September 21, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge