```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SPARROW FUND MANAGEMENT LP,

                            Plaintiff,                    ORDER

                -against-                                 18-CV-4921 (PGG) (KHP)

MIMEDX GROUP, INC.,

                            Defendant.
-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On February 12, 2021, Plaintiff Sparrow Fund Management LP ("Sparrow") filed a motion to compel production of various documents that Defendant MiMedx Group, Inc. ("MiMedx") claimed were privileged and/or protected attorney work product. (ECF No. 183.)[1] Still outstanding is Sparrow's request for the Court to compel MiMedx to produce an investigative report compiled by the law firm King & Spalding LLP at the request of MiMedx's internal Audit Committee (the "Audit Committee Report"). The Court ordered MiMedx to provide the Audit Committee Report for *in camera* review so that the Court could evaluate whether MiMedx had properly designated the document as privileged work product and a privileged attorney-client communication.

Having now reviewed the Audit Committee Report, the Court finds that its contents fall under the umbrella of privileged attorney work product and attorney client privilege. The document was clearly prepared in anticipation of litigation and conveys legal advice.

---

[1] The Court resolved the vast majority of that motion at ECF No. 207.

Moreover, MiMedx confirmed in its briefing that the Audit Committee Report has "never been published . . . has been shared with only the Audit Committee, the Board of Directors, certain MiMedx officers who were not implicated in the King & Spalding report, and other outside counsel to MiMedx."  (ECF No. 184 at 21.)  Thus, there is no basis for the Court to conclude that MiMedx has waived privilege with respect to the Audit Committee Report.  *Cf. In re Natural Gas Commodity Litig.*, No. 03-cv-6186 (VM) (AJP), 2005 WL 1457666 (S.D.N.Y. June 21, 2005) (explaining that work product privilege can be waived if the subject document was disclosed to a third party without a concomitant confidentiality agreement and where the moving party has demonstrated a substantial need for the document).

## CONCLUSION

Accordingly, Sparrow's motion to compel the Audit Committee Report is DENIED.

**SO ORDERED.**

Dated: September 24, 2021
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge